ROBERT S. ROCHE *vs*. MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY & another.[1]

Suffolk.  March 6, 1987. — June 9, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Deposition, Subpoena. *Subpoena. Evidence*, Deposition,
Audio-visual recording. *Witness*, Cross-examination, Expert, Subpoena,
Unavailability.

At the trial of a personal injury claim, there was no error in the judge's
admission in evidence, under the provisions of Mass. R. Civ. P. 30A
(k), of a videotaped deposition of an expert medical witness, taken
previously with proper notice and pursuant to that rule, notwithstanding
the deponent's availability to testify at the time of trial. [221]
In a civil action, the introduction in evidence at trial of a videotaped depo-
sition, pursuant to Mass. R. Civ. P. 30A (k) (2), does not require, as
a consequence, the automatic quashing of a subpoena for the testimony
in person of the deposed witness. [221-222]
Where, at the trial of a personal injury action, the judge admitted in evidence,
pursuant to Mass. R. Civ. P. 30A (k), a videotaped deposition of the
plaintiff's expert witness and then, on his own initiative, quashed the
defendants' subpoena for that witness's testimony in person, the judge's
action improperly restricted the defendants' right of cross-examination,
necessitating a new trial. [222-223]

CIVIL ACTION commenced in the Brighton Division of the
District Court Department on October 17, 1983.

On transfer to the Superior Court Department the case was
tried before *James F. McHugh, III*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Jonathan P. Feltner* (*Lynne Spigelmire Viti* with him) for
the defendants.

*Arthur E. Levine* for the plaintiff.

---

[1] Peter Calcaterra was sued in his capacity as the driver of the bus involved
in the accident.

LYNCH, J.  This case arises from a personal injury claim of the plaintiff, Robert S. Roche, against the defendants Massachusetts Bay Transportation Authority (MBTA), and Peter C. Calcaterra. The plaintiff alleged that he was injured on September 21, 1983, when a MBTA bus driven by Calcaterra hit the vehicle he was driving. On June 14, 1985, the plaintiff's motion to take the videotaped deposition of the plaintiff's expert, John Molloy, M.D., and to present the videotaped testimony at trial, was allowed. At that time, the trial was scheduled for June 21, 1985, a date when Dr. Molloy planned to be out of the country. Dr. Molloy's deposition was taken on June 18, 1985. The trial was continued to the week of September 23, 1985, and prior to trial the defendants objected to the use of the videotaped deposition of Dr. Molloy as a substitute for his live appearance. In his order of September 11, 1985, the judge overruled the defendants' objection to the use of Dr. Molloy's videotaped deposition and, sua sponte, quashed a subpoena that was "apparently" served on Dr. Molloy by the defendants. The judge ruled, "pursuant to Mass. R. Civ. P. 30A (k) (2) [, as appearing in 393 Mass. 1237 (1985)], that the introduction of the videotaped deposition will be in the interest of justice," notwithstanding the fact that the trial had been continued beyond the time of Dr. Molloy's unavailability.

After a jury trial in the Superior Court, the defendants were found negligent and the plaintiff was awarded $400,000. The defendants' motion for a new trial was denied. They appeal from the judgment against them.

The defendants claim that the judge erred in admitting in evidence the videotaped deposition of Dr. Molloy and in quashing the subpoena for his appearance at trial. They claim that they were denied the right to cross-examine the plaintiff's expert, in light of new evidence that was inadvertently discovered by them after the deposition of Dr. Molloy, but before the trial commenced. They claim that medical records from the Lahey Clinic were discovered, of which Dr. Molloy was apparently unaware at the time of the deposition and which raised doubts concerning Dr. Molloy's testimony regarding the causal connection between the plaintiff's injuries and the acci-

dent on September 21, 1983.[2] The plaintiff claims that the judge's actions were a proper exercise of his discretion under Mass. R. Civ. P. 30A (k). In the lobby conference prior to the start of trial, counsel for the defendants stated her objections to the use of the deposition of Dr. Molloy "rather than his appearance in person." She preserved the objections made in her pretrial memorandum, which was submitted prior to the judge's order allowing the introduction of the deposition at trial and the quashing of the subpoena.[3] While there was no specific objection to the quashing of the subpoena, as much is fairly implied from counsel's objection to the use of Dr. Molloy's deposition *"rather than his appearance in person."*

Rule 30A allows for depositions to be taken by audio-visual means and to be introduced as evidence at trial. See Mass. R. Civ. P. 30A (a), (k). The present rule 30A (k) was added by amendment in 1985, and allows testimony to be introduced at trial by audio-visual means if the judge so orders "in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court." Mass. R. Civ. P. 30A (k) (1). The rule states that "[n]otwithstanding

---

[2] The defendants claim that the Lahey Clinic records revealed that Roche had back pain all his life and was involved in an automobile accident in 1961 in which he suffered a back sprain. The defendants claim that this conflicts with Dr. Molloy's opinion that the accident on September 21, 1983, was the cause of the plaintiff's current symptoms.

[3] The defendants' objection to the use at trial of the videotaped deposition in its entirety was based on the fact that the deponent was no longer unavailable, as the trial date had been continued. The defendants alternatively objected to specific portions of the deposition, one objection being that the judge should exclude "all evidence of disability because there is no evidence that Plaintiff gave doctor the history doctor recites in his answer." That objection was in reference to Dr. Molloy's answer in which he opined that the accident of September 21, 1983, "aggravated the preexisting condition of his back." Dr. Molloy testified earlier that, as the result of a computerized tomography scan (CAT scan), he determined that the plaintiff had spondylolysis. This was a condition that usually develops in the late teenage years but might not cause symptoms until an incident occurs to trigger such symptoms. The defendants also objected to the testimony concerning that condition as opinion based on facts not in evidence. These objections were also overruled by the judge. There are no specific references in Dr. Molloy's testimony regarding what prior history the plaintiff gave to him.

rule 30A (i) or rule 32 (a) (3) . . . any party may introduce any such audio-visual recording, that has been authorized under rule 30A (k) (1), at trial if the court finds its introduction to be in the interest of justice."[4] Mass. R. Civ. P. 30A (k) (2). Rule 32 of the Massachusetts Rules of Civil Procedure governs the introduction of stenographic depositions and normally requires that the deponent be unavailable. Mass. R. Civ. P. 32 (a) (3), as appearing in 392 Mass. 1105 (1984). The rule also contains a general provision allowing for the use of stenographic depositions as testimony, in "exceptional circumstances" not limited to situations of the unavailability of the deponent. *Id.* As clarified by the language of rule 30A (k) (2), however, the use of videotaped testimony in trial is not governed by the limitations of rule 32. Thus, rule 30A (k) does not require unavailability or "exceptional circumstances." Rather, as previously noted, rule 30A (k) (2) allows for testimony videotaped pursuant to rule 30A (k) (1) to be introduced at trial, "if the court finds its introduction to be in the interest of justice." Rule 30A (k) was developed in order to prevent delays in trials which often occur in accommodating to the scheduling of witnesses, particularly experts. J.W. Smith & H.B. Zobel, Rules Practice § 30A, at 46-47 (Supp. 1987). Thus, the purpose is to facilitate the orderly and timely administration of trials.

---

[4] Rule 30A (i), as appearing in 382 Mass. 823 (1981), provides: "An audio-visual deposition may be used for any purpose and under any circumstances in which a stenographic deposition may be used." The use of stenographic depositions is governed by rule 32 which allows them to be used for impeachment, Mass. R. Civ. P. 32 (a) (1), 365 Mass. 787 (1974), or "for any purpose" under certain conditions, Mass. R. Civ. P. 32 (a) (3). Rule 32 (a) (3) provides: "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is out of the Commonwealth, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

In the present case, it was not error for the judge to allow the videotaped testimony to be used at trial. The deposition had been taken with proper notice to the defendants and pursuant to rule 30A. While the witness was no longer unavailable for trial, the trial judge noted that all parties were aware when the deposition was taken that it was to be used at trial, and he further noted that the orderly progress of the trial would be facilitated by the use of the deposition testimony. The defendants have not shown that the judge abused his discretion in allowing the videotaped testimony of Dr. Molloy to be admitted at trial.

In the judge's order of September 11, 1985, allowing the videotaped testimony, he also ordered, sua sponte, that the defendants' subpoena to Dr. Molloy be quashed. It appears that the judge viewed the latter order as a consequence of the former. There is no provision in rule 30A (k) that requires or even suggests that, once videotaped testimony of a witness is permitted, any subpoena to that witness must be automatically quashed. The introduction of previously videotaped testimony permits scheduling and conducting trials unimpeded by the conflicting demands of a witness's schedule or other extraneous, albeit reasonable, considerations. Once a rule 30A (k) motion is allowed, the parties and the courts can confidently determine a trial date without regard to the availability of the witness whose testimony was videotaped. Nothing in the rule or the orderly administration of trials, however, is antithetical to an opposing party's attempting to secure the presence of the witness for the purposes of cross-examination. In such circumstances, the party issuing the subpoena would have the responsibility for ensuring that the subpoena is served and enforced without interfering with the orderly administration of the trial.

Furthermore, to restrict the right to require the attendance of witnesses runs contrary to the letter and intent of Mass. R. Civ. P. 45, as amended, 399 Mass. 1214 (1987).[5] Even if we

---

[5] Rule 45 allows for the issuance of subpoenas to compel attendance and testimony of individuals, or for the production of documentary evidence.

read the provisions of rule 45 (b), 365 Mass. 809 (1974),[6] as dealing with the quashing of not only subpoenas for the production of evidence but also subpoenas for the attendance of witnesses under rule 45 (a), 365 Mass. 809 (1974), as has been suggested is the proper reading, (see J.W. Smith & H.B. Zobel, Rules Practice § 45, at 141-142 [1977]); more is required than the automatic quashing of a subpoena to a witness whose videotaped testimony is allowed in evidence under rule 30A (k). Rule 45 (b) requires a motion to quash and a determination by the judge that to enforce the subpoena would be unreasonable or oppressive. Neither requirement was met in this case. We need not decide in what circumstances, if any, a judge could quash a subpoena, sua sponte, in the proper exercise of discretion, for we confine ourselves to the narrow issue presented in this case: that the allowance of a rule 30A (k) deposition does not necessarily require the quashing of a subpoena to the deposed witness as being unreasonable or oppressive. We think the drafters of the rule would not have imposed such a drastic limitation on the important right of parties to call witnesses of their own choosing without explicit language or comment. Certainly in adopting the rule this court did not so intend.

Additionally, it should be kept in mind that the judge's order restricted the defendants' right of cross-examination, a right which has long been recognized in both civil and criminal cases. See *Alford* v. *United States*, 282 U.S. 687, 691-692 (1931); *The Ottawa*, 70 U.S. (3 Wall.) 268, 271 (1865). See also *Fuller* v. *Rice*, 4 Gray 343, 344 (1855) (recognizing right to cross-examine a deponent fully; otherwise deposition should not be admitted); McCormick, Evidence § 19 (3d ed. 1984). "Cross-examination is the right of the party against whom the witness is called, and the right is a valuable one as a means of separating hearsay from knowledge, error from truth, opinion from fact, and inference from recollection . . . ." *The Ottawa, supra.*

---

[6] Rule 45 (b) allows for quashing a subpoena for the production of documentary evidence upon motion and a finding that the subpoena is "unreasonable and oppressive."

The judge's quashing of the subpoena issued to Dr. Molloy improperly deprived the defendants of the opportunity to present their case fully. See *Goldman* v. *Ashkins*, 266 Mass. 374, 380 (1929). It was error, therefore, for the judge to quash the subpoena to Dr. Molloy. The judgment for the plaintiff is vacated and the case is remanded to the Superior Court for a new trial.

*So ordered.*