Curran, Dennis J., J.
Katherine M. Littlewood has filed a motion seeking leave of the Court to conduct audiovisual depositions in this case.
Ms. Littlewood’s request does not seek to preserve the testimony of a witness simply because he or she might be unavailable for trial or that of a physician or other expert witness. Instead, the motion asks to preserve the testimony of any witness in this case, at the request of any party and subject to the condition that the deposing party would bear the entire cost of the recording process and provide a free copy of the recording to all other parties.
Moreover, the motion would avail the same opportunity to the presently opposing parties.
After reviewing her moving papers and the defendants’ opposition memoranda, Ms. Littlefield’s motion is ALLOWED.
DISCUSSION
Mass.RCiv.P. 30A allows for depositions to be taken by audio-visual means and to be introduced as evidence at trial. Roche v. Massachusetts Bay Transp. Auth., 400 Mass. 217, 219 (1987).
A number of cases “have extolled the advantages of video depositions and preference for their use in a trial, noting that a witness’s demeanor reflected in his motions, expressions, voice inflections, etc., give the fact-finder a unique advantage in evaluating evidence, resulting in appellate courts granting greater deference to such findings.” Rice’s Toyota World, Inc. v. Southeast Toyota Distrib., Inc., 114 F.RD. 647, 649 (M.D.N.C. 1987). “Video depositions can markedly increase accuracy and trustworthiness. In addition, to the extent that a video deposition reduces tedium, the fact-finder’s concentration and attention will be enhanced, again to the benefit of the decision process.” Id.
“Federal Rule of Civil Procedure 30(b)(3) provides that, as a matter of ordinary course, the party noticing a deposition is automatically permitted to videotape the deposition, unless the court orders otherwise . . . The liberalization of the Federal Rules to permit videotaping of depositions without prior authorization of the courts reflects ‘recognition of the fact that videotapes are a means of presenting deposition testimony to juries that is superior to readings from cold, printed records.’ Paisley Park Enters., Inc. v. Uptown Prods., 54 F.Sup.2d 347, 349 (S.D.N.Y. 1999). A videotaped deposition also has the advantage of ‘conveying to the fact finder the full message of the witness in a manner that assists the fact finder in assessing credibility ...” Riley v. Murdock, 156 F.R.D. 130, 131 (E.D.N.C. 1994)." Citizens for Responsibility & Ethics v. Cheney, 580 F.Sup.2d 168, 183 (D.D.C. 2008). See generally Rebecca White Berch, A Proposal to Amend Rule 30(b) of the Federal Rules of Civil Procedure: Cross-Disciplinary and Empirical Evidence Supporting Presumptive Use of Video to Record Depositions, 59 Fordham L. Rev. 347,358-77 (1990) (discussing nonverbal communication and what can be conveyed by deponent’s body language and mannerisms).
The litigation process is — or should be — a search for the truth.
Capturing the deposition segment on videotape advances that search. In this modem age, we need not be so constrained to a cold transcript, which imparts no quality or vitality to the spoken word. Facial expressions, voice inflections, intonation, gestures, and body language all enrich the experience of the deposition and ultimately advance the litigation process’s search for the truth.
This information enables jurors to render a more informed decision.
As in most personal injury cases, credibilfiy is often a key consideration. Considering that a jury will ultimately be asked to make decisions based on truthfulness, this case provides grounds for an exception in this Court that frumps the usual (and archaic Massachusetts) preference for a simple paper transcript.
The opposition memoranda do not contend that the plaintiff intends to abuse this process or that compliance with Mass.R.Civ.P. 30A will not occur in every other regard. Further, the defendants are unable to demonstrate any credible showing of prejudice, excessive cost or undue burden — particularly since the plaintiff will bear the cost of the recording and has offered to provide an unedited recording to the defendants, free of charge.
It is unfortunate that Massachusetts — unlike 48 other states — requires permission from the court before a party may conduct an audiovisual deposition.
Perhaps the future will be brighter and more progressive in our truth-seeking process.
ORDER
For these reasons, Ms. Littlewood’s motion is ALLOWED.