EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

The BABY PRODUCTS COMPANY, INC., and Donald Del Rose and Ludmila Del Rose, individually, and doing business as Baby World 'N Teens, Defendants.

Civ. A. No. 80–72029.

United States District Court, E. D. Michigan, S. D.

Jan. 27, 1981.

Martin A. Scott, Detroit, Mich., for plaintiff.

Calvin Klyman, Southfield, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

In this action the Equal Employment Opportunity Commission has brought suit to enforce the equal pay provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., 206(d)(1). The EEOC alleges that defendants have discriminated against female employees on the basis of sex by paying wages to Kimberly Pigeon at rates less than those paid to a male employee for equal work on jobs, the performance of which required equal skill, effort, responsibility and which were performed under similar working conditions.

This case is currently before the court on plaintiff EEOC's motion for summary judgment. Plaintiff argues that requests for admission under F.R.C.P. 36, to which only an untimely response was filed, have conclusively established the dispositive facts in this case and that it is thus entitled to summary judgment based on the facts as established. Resolution of this motion requires both a careful assessment of the literal terms, purposes and policies of Rule 36, and an examination of the particular facts presented by this case as well.

Rule 36 provides:

(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set·forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . . The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him. . . .

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. . . .

Thus, as the literal terms of this rule provide, a party who does not file a timely response to a request for admissions effectively admits the matters contained in the request, and these matters are conclusively established. Relief from the potential harshness of this rule can be obtained by motion, and on a showing that withdrawal or amendment of the admissions will both subserve the presentation of the merits of the action and that the party who obtained the admissions will not be prejudiced thereby. This rule serves vital interests in the conduct of litigation. It assists the parties in their preparation for trial by facilitating proof with respect to issues that cannot be eliminated from the case, and by narrowing the issues by eliminating those than can be. Advisory Committee Notes to the 1970 Amendment of Rule 36. The beneficial effects of this rule, however, are not limited to only the parties in a given case, but extend to other litigants and the court as

well. Rule 36, as well as the other discovery rules, streamlines and expedites the trial process, thus freeing up courts to hear more cases and solve more problems. The ever present problem of docket congestion is eased somewhat when parties utilize the discovery procedures in this rule and others to prepare their cases with the aim of meeting every deadline in good faith and with a spirit of cooperation.

■ Thus, the rule is well established, as it should be, that when admissions pursuant to Rule 36 constitute matters which are dispositive of a case, summary judgment in favor of the party who obtained the admissions is appropriate. *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663 (N.D. W.Va.1975). See generally, 8 Wright and Miller, *Federal Practice and Procedure*, § 2264. However, summary judgment may not be appropriate where the admitting party moves for relief from the effect of his tardy responses pursuant to Rule 36(b).

■ Applying these principles to the facts of this case, it is clear that plaintiff is entitled to summary judgment. The record before the court establishes a history of non-cooperation by defendants, untimely responses to the requests for admissions, and a failure to invoke the protective procedure of Rule 36(b) to seek relief from the admissions, the precise method prescribed by Rule 36 to avoid the potentially harsh consequences of the application of that rule.

In this case, discovery requests, including the requests for admissions, were served on defendants with the summons and complaint. Under Rule 36(a), responses to those requests were due 45 days later. However, it was not until nearly four months later that responses to the requests for admissions were filed, and then only after plaintiff filed its motion for summary judgment. Plaintiff's motion describes events in the months between service of the requests and defendants' tardy responses that can be aptly characterized as indicative of non-cooperation and unconcern for the orderly progress of this case to trial.[1] None of these averments is contested in defendants' eventual response to plaintiff's motion. In that response, counsel indicates only that the delays were occasioned by "client emergencies and litigation-related

---

1. On pages 1–2 of its brief, plaintiff describes the sequence of events as follows:

Together with its Complaint, the Commission filed its First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions on May 30, 1980.

The Summons, Complaint, and the above discovery requests were served by the United States Marshal on Defendant on June 6, 1980.

On or about August 6, 1980, counsel for Defendants filed an Answer to the Commission's Complaint on behalf of all Defendants.

Rules 33, 34, and 36 of the Federal Rules of Civil Procedure require that the above discovery requests be answered within forty-five days after service. That time limit expired on July 21, 1980. The Commission has yet received no answers to any of the discovery requests. [Answers were filed in mid-November.]

On August 11, 1980, counsel for the Commission wrote a letter to counsel for Defendants asking that he immediately inform Plaintiff of when he will file his answers to the discovery requests. Defendants' counsel never answered that letter.

On August 25, 1980, counsel for the Commission telephoned counsel for Defendants to ask when he would answer the discovery requests and, upon being informed that he was out of the office that week, left a message asking him to call back and state when he would answer the discovery requests. Counsel for Defendant never returned that call.

On September 3, 1980, counsel for the Commission, still having not heard from counsel for Defendants, again called him, and upon being informed that he was in court, left a message. On September 4, 1980, counsel for Defendants returned the call. He informed counsel for the Commission that he had not yet forwarded the discovery requests to his client. He promised to do so immediately, in exchange for which counsel for the Commission agreed to wait thirty days before filing a motion concerning those requests.

On September 25, 1980, counsel for Defendants telephoned counsel for the Commission and stated that his clients had lost their copy of the discovery requests. Counsel for the Commission agreed to wait two weeks before filing a motion concerning these requests.

Plaintiff's motion was filed on October 20, and responses to the motion and discovery requests were filed by defendants approximately one month later. The assertions quoted above are supported by EEOC counsel's affidavit. None is specifically denied by defendants.

matters in the schedule of Defendants' counsel ..." No specifics on these "emergencies" and "matters" are set forth.

Additionally, no motion for relief from the effect of Rule 36 has been filed by defendants. As noted above, such a motion is the method prescribed by Rule 36 for obtaining relief. Although defendants' response brief to plaintiff's motion included a request for an extension of time to file the responses, no attempt was made to demonstrate to the court specific grounds on which such an extension would be warranted.

Under these circumstances, plaintiff is clearly entitled to summary judgment. Plaintiff, in the face of defendants' apparent cavalier attitude toward its discovery requests, has properly invoked the procedures and rules designed to facilitate the trial preparation process. Such pretrial preparation is to be encouraged, and parties should be allowed to rely on the express terms of the rules which govern the conduct of their cases. Unless the express provisions of Rule 36 constitute nothing more than a paper tiger, plaintiff is entitled to the relief sought. Thus, because the admissions made by defendants constitute matters which are dispositive of this case,[2] summary judgment is appropriate.

The court's holding on this motion is further supported by a perusal of the responses made to the request for admissions. These responses tend to indicate that a serious, meritorious defense to this suit cannot be maintained. The heart of this lawsuit is plaintiff's contention that Kimberly Pigeon was paid at a rate significantly lower than a male employee for work which required equal skill, effort, responsibility, and which was performed under similar working conditions. Defendants set forth general denials to the requests for admissions dealing with these matters, but admit that the rate of pay was not made pursuant to a seniority system, merit system, or a system which measures earnings by quantity or quality of production. See 29 U.S.C. § 206(d)(1). The reason for the differential, according to defendants, was "because of [the] responsibility" this man had. The components of this "responsibility" are not set forth. In the answers to interrogatories filed with the responses to the requests for admissions, defendants state that the male employee was a "manager," and that he required the "skills inherent in managing the department." What these skills were and how they were demonstrated is not explained. Moreover, the payroll records submitted by defendants and the answers to the interrogatories indicate that the male employee in question was a part time employee until shortly after Ms. Pigeon began working for defendants. At that point in time, Ms. Pigeon was paid $200.00/week, and the male employee was elevated to $300.00/week. Shortly after Ms. Pigeon left the employ of defendants, the male employee's salary was reduced again. His subsequent weekly gross pay for the next nine months climbed gradually from $200.00/week to an isolated high of $270.00/week. At no time did he again reach the rate of pay he received during Ms. Pigeon's brief tenure with defendants.

It is, of course, conceivable that a legitimate explanation for these damaging figures could be presented by defendants. However, none was offered in the response to the request for admissions. Therefore, even considering the responses, significant doubt is cast upon defendants' ability to maintain a meritorious defense in this action. It is appropriate to consider the ability to maintain a meritorious defense or claim when considering whether or not discretion should be exercised to permit withdrawal or amendment of answers or to grant relief from the consequences incurred for failure to timely answer. The ability to maintain a claim or defense is what sub-

2. As plaintiff acknowledges on page 4 of its brief, admissions were not sought as to the claim that Ms. Pigeon was constructively discharged by defendants' discriminatory practices. Plaintiff stated that it would withdraw this claim if the court granted summary judgment as to the balance of the suit. This claim is thus dismissed pursuant to plaintiff's voluntary withdrawal, and summary judgment is entered on the balance of the complaint.

serving the merits of the action means in Rule 36(b).

Finally, it is appropriate to point out that this suit, with an admittedly small amount of money at stake, is an important one nonetheless. Eradication of discriminatory pay practices is part of a significant federal policy in favor of equal employment for all persons in this country. All litigants deserve the concern and solicitude of a federal court. However, the position of the plaintiff here, the agency charged with the vindication of the civil statutory rights of this nation's workers, is particularly sympathetic. This court will simply not allow the non-cooperation of the defendants in this case to thwart this agency in its attempts to effectively discharge its duties under the law.

In view of the foregoing, summary judgment is granted to plaintiff in the amount of $1,960.00. The injunctive relief sought by plaintiff in paragraph A of its Prayer for Relief is also granted and defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participation with them, are hereby enjoined from discriminating, within any of their establishments, between employees on the basis of sex by paying wages to employees in such establishments at rates less than the rates at which they pay wages to employees of the opposite sex in such establishments for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

So ordered.