**Gary L. RUDDER, M.D.; Margaret Rudder, William Booth; Erhard Marz, M.D.; Dale Vincent, M.D.; Greg Mitchinson, M.D.; Daniel T. Anbe, M.D.; Robert L. Cross, M.D.; and Timothy Lass, M.D., Plaintiffs,**

v.

**Jack E. RASHID, Defendant.**

No. Civ.A. 96–40353.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 30, 1999.

Thomas G. Hardy, Karl F. Newman, Hardy, Lewis, Birmingham, MI, Thomas A. Cattel, Cattel, Tuyn, Bloomfield Hills, MI, for plaintiffs.

Brian Witus, Hertz, Schram, Bloomfield Hills, MI, Jack J. Mazzara, Egan & Ma-

zarra, Troy, MI, for Jack E. Rashid, defendant.

### OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Presently before the Court is plaintiffs' motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(c). The above-captioned case concerns plaintiffs' efforts to recover monies allegedly given to defendant as an investment in a venture to produce and sell a purported radar warning device for automobiles. In a related criminal action before the Honorable John Corbett O'Meara (*United States v. Rashid,* Criminal Case No, 96–80670), defendant Jack E. Rashid was indicted and entered into a plea agreement with the government, whereby he pleaded guilty to conspiring to launder illegal proceeds. Plaintiffs argue that as a result of admissions made in defendant's criminal guilty plea and the facts deemed conclusively established pursuant to Federal Rule of Civil Procedure 36(b), there remains no genuine issue of material fact in the case at bar.

At the outset, it should be noted that although the instant motion was filed on August 9, 1999, there has been absolutely no response filed by defendant. Pursuant to Local Rule 7.1 (E.D.Mich.1998), defendant had 21 days to file a responsive brief. The 21–day time period having passed with no response filed, the instant motion stands unopposed.

For the reasons stated herein, the Court will grant plaintiffs' motion for summary judgment.[1]

## I. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted). In evaluating a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmovant, as well as draw all reasonable inferences in the nonmovant's favor. *See U.S. v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). This burden "may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed. R.Civ.Proc. 56(e); *Gregg,* 801 F.2d at 861. To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmov-

---

1. Plaintiffs' motion for summary judgment will be decided without the necessity for oral argument pursuant to L.R. 7.1(e)(2) (E.D.Mich.1998). Accordingly, the hearing previously scheduled for September 29, 1999 will be canceled.

ant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## II. FACTUAL BACKGROUND

The following recitation of facts is taken from plaintiffs' brief in support of their motion for summary judgment. These propositions represent the uncontroverted assertions of plaintiffs.

Throughout the period from May 7, 1993 to July 13, 1994, plaintiffs loaned defendant $509,000, of which $477,238.70 remains outstanding. *See* Exh. A, ¶ 1 and Exh. C to plaintiffs' brief in support of motion for summary judgment. Plaintiffs provided these loans to defendant based upon the following representations made by defendant: (1) that the funds would be used for research and development of radar technology and related business expenses, *see* Exh. B to plaintiffs' brief; (2) that defendant and other associated individuals had completed and/or nearly completed multi-million dollar contracts for the sale of a "radar braking system" and related products with numerous companies including Masco Corporation (hereinafter "Masco"), *see* Exh. B ¶ 3 and Exh. A ¶ 3 to plaintiffs' brief; (3) that Masco Corporation had already agreed to put 25 million dollars in an escrow account toward the purchase of the radar system, *see* Exh. A ¶ 2; and, finally, (4) that the investments were guaranteed and would be repaid at attractive rates of return, *see* Exh. B, p. 4 and Exh. D.

Defendant's scheme included further misrepresentations when the return on the initial investments came due. At that point, defendant informed plaintiffs that the escrow account from Masco was terminated to allow Bayernische Motor Werk (hereinafter "BMW") to enter into a contract with Masco to purchase the radar technology. *See* Exh. A, ¶ 4. In actuality, defendant had absolutely no contract whatsoever with the Masco Corporation, *see* Exh. A, ¶ 3, and there was no escrow account. *See* Exh. B, p. 4. Furthermore, at the time the loans were made defendant knew that there was no escrow account and no contract with Masco, but represented that such an account and contract existed in order to fraudulently obtain plaintiffs' money. *See* Exh. A, ¶ 7. Defendant then used plaintiffs' money to acquire interest in and to maintain control of a corporation named Vehicle Radar Safety Systems, Inc. (hereinafter "VRSS"). *See id.*

On October 1, 1996, plaintiffs filed their complaint alleging, *inter alia,* that defendant violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1960 *et seq.* An amended complaint was subsequently filed October 10, 1996. Defendant answered the plaintiffs' amended complaint on December 16, 1996, and later amended his answer on December 17, 1996. On May 20, 1997, this Court stayed proceedings in the instant action due to the pendency of related criminal charges against defendant. *See* Stipulation and Order dated May 20, 1997, attached as Exh. E to plaintiffs' brief. The stay was lifted on March 12, 1999 due to the defendant's guilty plea entered in the related criminal action. *See* Order dated March 12, 1999, attached as Exh. F to plaintiffs' brief.

On June 12, 1999, plaintiffs served their first requests for admissions upon defendant. *See* Exh. A to plaintiffs' brief. Pursuant to Rules 36(a) and 6(e) of the Federal Rules of Civil Procedure, defendant's responses were due on or before June 24, 1999. To date, defendant has failed to answer plaintiffs' first requests for admissions. Plaintiffs have thus brought the

instant motion for summary judgment based upon defendant's failure to answer. According to plaintiffs, pursuant to Federal Rule of Civil Procedure 36(a), such failure amounts to an admission of each matter requested, which may form the basis for a summary judgment motion. *See E.E.O.C. v. Baby Prods. Co., Inc.,* 89 F.R.D. 129, 131 (E.D.Mich.1981) (holding that "a party who does not file a timely response to a request for admissions effectively admits the matters contained in the request, and these matters are conclusively established.").

**III. ANALYSIS**

█ As mentioned above, plaintiffs' complaint alleges that as a result of defendant's RICO violations, plaintiffs suffered damages in the amount of $477,238.70. Civil suits may be brought against those who violate the RICO statute.[2] *See* 18 U.S.C.1964(c). In order to prevail in such a civil action, plaintiffs must demonstrate that defendant committed a criminal RICO violation, and that the violation caused an injury to plaintiffs' business or property. *See Central Distribs. of Beer, Inc. v. Conn.,* 5 F.3d 181, 183–84 (6th Cir.1993); *see also Kramer v. Bachan Aerospace Corp.,* 912 F.2d 151, 154 (6th Cir.1990). Upon such a showing, the statute further *mandates* treble damages in addition to costs, including reasonable attorney's fees. *See* 18 U.S.C.1964(c).

It is plaintiffs' contention that with regard to defendant's criminal RICO violation, defendant committed numerous violations of federal law and employed plaintiffs' funds to gain an interest in and maintain control of Vehicle Radar Safety Systems, Inc. Plaintiffs rely upon Section 1962(b), Title 18 of the United States Code, which states in full as follows:

> [i]t shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(b). The term "racketeering activity" is defined in 18 U.S.C. § 1961(5) as a violation of any of a number of federal statutes, including 18 U.S.C. § 1956 (to which defendant pleaded). A "pattern of racketeering activity" requires a showing of two or more acts of racketeering activity.

█ As alluded to previously, on January 15, 1999, defendant Jack E. Rashid, pleaded guilty before Judge O'Meara in *United States v. Rashid,* Criminal Case No, 96–80670. As part of the plea agreement, defendant admitted not only to conspiring to launder illegal proceeds in violation of 18 U.S.C. § 1956(h), but also that defendant "in furtherance of the scheme to defraud . . . (1) caused interstate and foreign wire communications to occur . . . and (2) caused the United States mails to be used, including the mailing of checks to be used for investments." *See* Rule 11 Plea Agreement, attached as Exh. B, p. 7. In addition, defendant has admitted by virtue of his failure to respond to plaintiffs' first requests for admissions to using interstate telephone calls and the United States Postal Service specifically to misrepresent facts

---

2. Section 1964, Title 18 of the United States Code, is entitled "civil remedies," and provides in pertinent part, as follows:

> [a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that

would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

18 U.S.C. § 1964(c).

regarding the Masco Corporation. *See* Exh. A, ¶ 2. Defendant has also admitted that money fraudulently obtained from these acts was then used to "acquire an interest in, and to maintain control of" VRSS. *See* Exh. A, ¶¶ 8 & 9.

In light of the above-discussed uncontradicted assertions, the Court finds that defendant's admissions clearly establish a criminal violation of 18 U.S.C. § 1962. Pursuant to that Section,

> [i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). In addition, the Court further finds it conclusively established that plaintiffs have suffered "an injury to business or property" as a result of their loss of $477.238.70. *See* Aff. of Gary L. Rudder, M. D., attached as Exh. C to plaintiffs' brief. Defendant has admitted by virtue of his failure to respond that the amount currently owed to plaintiffs is $477.238.70. *See* Exh. A ¶ 1. It is well-established "that when admissions pursuant to Rule 36 constitute matters which are dispositive of a case, summary judgment in favor of the party who obtained the admissions is appropriate." *E.E.O.C.*, 89 F.R.D. at 131 (citing *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663 (N.D.W.Va.1975) and 8 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 2264).

In light of foregoing, this Court holds that plaintiffs have satisfied their burden pursuant to Rule 56 of demonstrating the absence of all genuine issues of material fact. *See Gregg*, 801 F.2d at 861. Defendant having utterly failed to respond to either plaintiffs' first requests for admissions filed June 12, 1999, or to plaintiffs' motion for summary judgment filed August 9, 1999, the Court will grant plaintiffs' motion for summary judgment. In addition, plaintiffs having established a violation of the RICO statute, the Court finds that plaintiffs are entitled to treble damages pursuant to 18 U.S.C. § 1964(c).

### *ORDER*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment filed August 9, 1999 is **GRANTED;**

**IT IS FURTHER ORDERED** that the hearing previously scheduled for September 29, 1999 is **CANCELED;**

A judgement in accordance with the above opinion shall be entered forthwith. **SO ORDERED.**

### *JUDGMENT*

The Court, having granted plaintiffs' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the Honorable Paul V. Gadola, presiding,

It is hereby **ORDERED and ADJUDGED** that judgment be entered in favor of plaintiffs Gary L. Rudder, M.D., Margaret Rudder, William Booth, Erhard Marz, M.D., Dale Vincent, M.D., Greg Mitchinson, M.D., Daniel T. Anbe, M.D., Robert L. Cross, M.D., and Timothy Lass, M.D., and against defendant Jack E. Rashid;

It is further **ORDERED and ADJUDGED** that judgment be entered in the amount of three times the sum of $477.238.70, or $1,431,716.10, treble damages being appropriate pursuant to 18 U.S.C. § 1964(c);

It is further **ORDERED and ADJUDGED** that the Court shall award plaintiffs their costs and reasonable attorney's fees upon motion by plaintiffs within 14 days pursuant to Federal Rule of Civil Procedure 54(d);

It is further **ORDERED and AD-JUDGED** that post-judgment interest shall be calculated in accordance with the provisions of 28 U.S.C. § 1961.