Singh, J.
Plaintiff ANJ Corporation (“ANJ”) brought this action against defendant Alan J. Ross to recover the unpaid balance on a credit card issued to the defendant by Chase Bank (“Chase”). The defendant acknowledged a debt to Chase but challenged ANJ’s entitlement to recovery. After a jury-waived trial, the court entered judgment in favor of ANJ. We reverse.
At the outset of trial, ANJ contended that the defendant’s response to ANJ’s request for admissions entitled it to a directed finding in its favor. The court directed a finding in favor of ANJ as to liability, concluding that the only issue contested by the defendant was the amount of the debt. The parties proceeded to trial as to damages. After denying the defendant’s motion for directed finding, the court found that the defendant owed Chase $6,213.78 and that Chase’s right to collect had been assigned to ANJ, entitling it to recovery.
The defendant’s response to ANJ’s request for admissions was insufficient to allow a finding of liability in favor of ANJ.[1] Although the defendant did admit to owing a debt to Chase, he did not admit to any liability to ANJ. The request for admissions asked the defendant to admit that: “ [t] he original credit grantor has sold, transferred and/or otherwise assigned the rights to collect on the account, as referenced in the Plaintiffs complaint, to the Plaintiff.” To this, the defendant, who represented himself pro se, responded, “Defendant has no knowledge of such transaction.” ANJ argued that the defendant’s stated lack of knowledge should be deemed an admission because the defendant had not indicated that he had made reasonable inquiry, *13 as required by Mass. R. Civ. R, Rule 36.[2]
Under Rule 36, a party may serve a written request on another parly to admit the truth of certain statements or the genuineness of certain documents. The Rule, which governs the mechanics for establishing undisputed facts, is not really a discovery device; it assumes the requesting party’s knowledge of facts (or possession of documents) and allows that party to obtain concessions from the responding party. See J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §36.1, at 517 (2nd ed. 2006). The purpose of the Rule is to assist parties in trial preparation by “facilitating proof with respect to issues that cannot be eliminated from the case, and by narrowing the issues by eliminating those that can be.” Reynolds Aluminum Bldg. Prods. Co. v. Leonard, 395 Mass. 255, 261 (1985), quoting Equal Employment Opportunity Comm’n v. Baby Prods. Co., 89 F.R.D. 129,130 (E.D. Mich. 1981).[3]
According to the Rule, statements are deemed admitted unless the other party serves a timely response either (1) objecting to the request or (2) specifically denying the matter or “setting forth in detail why the answering party cannot truthfully admit or deny the matter.... An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.” Mass. R. Civ. R, Rule 36(a). A requesting party may move for a determination regarding the sufficiency of the answers; if the court determines that “an answer does not comply with the requirements” of Rule 36, it may order an amended answer to be served or it may deem the matter admitted. Id. Alternatively, the court may “determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial.” Id.
An admission under Rule 36 is “conclusively established” unless the court permits withdrawal or amendment of the admission. Mass. R. Civ. R, Rule 36(b). The court may do so “when the presentation of the merits of the action will be subserved thereby and the parly who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.” Id. Because the Rule’s effect in any given case “may be unduly harsh,... the ability of the judge to exert an ameliorating influence is essential to avoid a result in which form triumphs over substance.” Houston v. Houston, 64 Mass. App. Ct. 529, *14 533 (2005), quoting Reynolds Aluminum Bldg. Prods. Co., supra at 260. See 8B C.A. WEIGHT, A.R. MILLER, & R.L. MARCUS, FEDERAL PRACTICE AND PROCEDURE §2252, at 323 (3d ed. 2010) (“WRIGHT AND MILLER”) (with regard to Fed. R. Civ. R, Rule 36, “technical considerations will not be allowed to prevail to the detriment of substantial justice”).
Here, the defendant made a timely response to ANJ’s request for admissions, two months prior to the scheduled pretrial hearing and five months prior to trial. Yet, ANJ failed to move pretrial for a determination of the sufficiency of the defendant’s response. See Caron v. General Motors Corp., 37 Mass. App. Ct. 744, 748 (1994) (Rule 36 places burden on requesting party, as one seeking benefit of admissions, to secure determination of adequacy of response). Leaving the issue to the time of trial undermines the purpose of the rule. A requesting party assuming that an inadequate response will be deemed an admission may find itself unprepared to prove an issue at trial. A responding party assuming that its responses properly preserve issues for trial may find itself bound to admit matters it actually contests. Thus, neither party may prepare for trial with confidence of the necessary proof. See Gutierrez v. Massachusetts Bay Transp. Auth., 437 Mass. 396, 413-414 (2002) (purpose of Rule 36 is to narrow issues for trial by identifying those issues and facts as to which proof will be necessary).
In any event, ANJ’s only argument in support of deeming the defendant’s stated lack of knowledge to be an admission was that he did not state “that he ha[d] made reasonable inquiry and that the information known or readily obtainable by him [was] insufficient to enable him to admit or deny.” Mass. R. Civ. R, Rule 36(a). Technically, the defendant’s response was not in conformity with the Rule due to the omission of this statement. See id. Generally, the remedy for this technical violation is an order to amend the response. See Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Even if the responding party includes the required statement verbatim, however, he is still at risk of having his stated lack of knowledge deemed an admission if, in fact, he has not made reasonable inquiry or if information readily obtainable is sufficient to enable him to admit or deny the matter. Massachusetts Highway Dep’t v. Smith, 51 Mass. App. Ct. 614, 618 (2001), citing Asea, Inc., supra at 1246-1247. Thus, the relevant inquiry is not whether the responding party quoted certain language from the Rule, but rather whether he “intentionally disregarded the obligations imposed by Rule 36(a).” Id., quoting Asea, Inc., supra at 1247.
A party responding to a Rule 36 request has an obligation to make reasonable inquiry of information known or readily obtainable by him that allows him to fairly admit or deny the request. Mass. R. Civ. R, Rule 36(a). What constitutes “reasonable inquiry” and what material is “readily obtainable” is a relative matter that depends upon the facts of each case. See Iantosca v. Benistar Admin. Servs., Inc., U.S. Dist. Ct., No. 08-11785-NMG (D. Mass. Jan. 24, 2012), quoting T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., 174 F.R.D. 38, 43 (S.D.N.Y. 1997). “Generally, a ‘reasonable inquiry’ is limited to review and inquiry of those persons and documents that are within the responding party’s control.” T. Rowe Price Small-Cap Fund, Inc., supra. See also United States ex rel. England v. Los Angeles County, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (because request for admissions can have dire consequences, responding party’s duty to obtain information is no broader than that owed in *15 responding to interrogatory; it is normally limited to obtaining information from persons or entities over which it has actual control).
Here, the defendant was asked to admit the truth of a statement concerning the assignment of the right to collect the defendant’s credit card debt from Chase to ANJ. There was no indication that this information was “readily obtainable” from any source or that there was anyone over which the defendant had control to inquire about the information. Indeed, the defendant indicated that, during the course of discovery, he had requested from ANJ all information confirming that ANJ was the holder of the debt, that ANJ responded that it had produced all such information, and that review of the information provided failed to establish that proposition. Thus, there was no indication that the defendant had intentionally disregarded his good faith discovery obligations. See Smith, supra at 618-619 (stating that “imposition of the severe sanction of a binding admission will be imposed only when the answering party has ... intentionally disregarded his good faith discovery obligations”).
To deem the defendant’s stated lack of knowledge as to any assignment from Chase to ANJ as an admission for failure to indicate reasonable inquiry would be “unwarranted and too severe a sanction,” id. at 619, particularly where the defendant actually made reasonable inquiry by requesting the information in discovery. Indeed, the admission allowed ANJ to make out its prima facie case, when it otherwise may not have been able to do so. See WRIGHT & MILLER, supra at §2261, at 365-366 (stating that “caution should be exercised in compelling a party to admit something believed true where there is a reasonable ground for concluding that the party seeking the admission will fail to establish the point at trial”). Under the circumstances, ANJ’s motion for directed finding should have been denied.
At the subsequent trial on damages, ANJ offered and the court accepted into evidence three documents. The defendant objected to the admission of each document as constituting inadmissible hearsay, but the court accepted each under the business records exception to the rule against hearsay. To qualify a document as a “business record,” meeting the exception, the proponent of the evidence must establish that (1) it was made in good faith, (2) it was made in the regular course of business, (3) it was made before the beginning of the litigation, and (4) it was the regular course of such business to make such document at the time of the event. See G.L.c. 233, §78; Commonwealth v. Irene, 462 Mass. 600, 610-611 & n.19 (2012). See also Mass. G. Evid. §803(6) (A) (2013). Documents meeting these requirements are presumed reliable because they are routinely made by those charged with the responsibility of making accurate entries and are relied on in the course of doing business. Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005), citing Wingate v. Emery Air Freight Corp., 385 Mass. 402, 406 (1982).
None of the three exhibits offered by ANJ met these requirements. The first exhibit was an affidavit of the Director of Operations for Turtle Creek Assets, Ltd. and the second was an affidavit of an officer of Chase Bankcard Services, Inc. The substance of each affidavit makes clear that it was not prepared in the ordinary course of business, but rather for the specific purpose of the litigation. Indeed, each affidavit postdates the initiation of litigation and recites the chain of the debt transfer, based on the affiant’s review of records, as if it were meant to substitute for testimony of a keeper of records. The affidavits were in no sense “business records” as contemplated by the hearsay exception.
*16 The third exhibit was a series of Chase credit card statements addressed to the defendant. The keeper of the records of ANJ testified that ANJ received the statements through a “secure network” in the normal course of business. The simple receipt of documents in the course of business does not make the documents “business records” of the receiver. See Nationsbanc Mtge. Corp. v. Eisenhauer, 49 Mass. App. Ct. 727, 733-744 (2000) (keeper of records for Nationsbanc did not authenticate loan file as its own business record where file was created by one entity and transferred to several other entities before being received by Nationsbanc, where keeper gave no information concerning reliability of file entries). Rather, the business records statute allows for the admissibility of a document, passing through any number of people, so long as each person had a duty to report, and the information originally came from someone with personal knowledge and a duty to report. See Wingate, supra at 406-407. “Then, and only then, are there the necessary indicia of reliability.” Id. at 407. For records that are transferred from one business to another, reliability must be established by showing that the records were integrated into the latter’s business records and were subsequently relied on by that business. See Beal Bank, SSB, supra at 818 (records of bank’s servicing agent admissible as business records of bank where servicing agent had business duty to report information accurately and bank routinely accessed and relied on records).
Here, the witness authenticating the credit card statements introduced himself as the “keeper of the records of ANJ” without any other description of his role or responsibilities within the company or even a description of the business of ANJ. Nor did he indicate from whom ANJ received the statements. Under the circumstances, ANJ failed to establish the reliability of the credit card statements as a necessary foundation to allow them into evidence under the business records exception to the rule against hearsay. The defendant’s motion for directed finding should have been allowed.
Case reversed and dismissed.
So ordered.

 For trial purposes, admissions are generally read into the record. See J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §36.9, at 524 (2d ed. 2006). Here, no admissions were read into the record prior to arguments on ANJ’s motion for directed finding. Instead, counsel for ANJ offered a document “for inclusion into the record,” referencing “admissions of the defendant.” No admissions were marked or endorsed or appear in the docket. Thus, it is unclear what documents the judge had before her when ruling on the motion. In any event, only the defendant’s actual response to request for admissions is controlling. See S. Kemble Fischer Realty Trust v. Board of Appeals of Concord, 9 Mass. App. Ct. 477, 479 (1980) (to obtain benefit of admission at trial, party who relies on it must introduce it into record).

 Although this argument was raised in ANJ’s written submission, it was not made orally in open court. Styled as it was, as “Admissions of the Defendant,” followed by a series of affirmative statements, the document tended to obscure its true nature, which was an advocacy piece, arguing that the defendant’s responses should be deemed admitted. There was no discussion at the hearing of the “reasonable inquiry issue at all, suggesting that neither the defendant nor the court were alerted to it.

 Reliance on cases interpreting Fed. R. Civ. R, Rule 36, is appropriate as the Massachusetts Rule “trackjs]” the Federal Rule. See Reporter’s Notes to Mass. R. Civ. R, Rule 36. See also Reynolds Aluminum Bldg. Prods. Co., supra at 259 n.7 (Massachusetts has adopted Fed. R. Civ. R, Rule 36); Massachusetts Highway Dep’t v. Smith, 51 Mass. App. Ct. 614, 618 (2001) (stating that “our rule is patterned after Rule 36 of the Federal Rules”).