## VALLEY BANK AND TRUST COMPANY *vs.* CHARLES A. MARREWA.

Hampden.    April 4, 1968. — June 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Jurisdiction*, Nonresident. *Practice, Civil*, Service of process, Nonresident defendant. *Bankruptcy*, Examination of bankrupt.

A resident of another State was immune from service of process in a civil action in this Commonwealth while under examination before his trustee in bankruptcy here pursuant to an agreement between his counsel and the trustee's counsel designed to facilitate the bankruptcy proceedings.

CONTRACT OR TORT. Writ in the District Court of Springfield dated January 6, 1964.

An answer in abatement was heard by *Walsh*, J.

*Earl Alpert* for the defendant.

*Gerald R. Hegarty* for the plaintiff.

WILKINS, C.J. The plaintiff seeks in this action of contract or tort to recover $13,150.53, as a balance due either

on a promissory note or for money obtained by false representations made in an application for a loan. The defendant is described in the writ as of Riveredge, Bergen County, New Jersey. On January 6, 1964, the defendant was served in hand at the office of the counsel for his trustee in bankruptcy at 31 Elm Street, Springfield. The defendant filed an answer in abatement alleging that service was made on him when he came to Springfield in response to an order to appear for examination before his trustee in bankruptcy. The District Court judge sustained the answer. In the Appellate Division this ruling was reversed and the answer ordered overruled. The defendant appealed.

The defendant, then a resident of this Commonwealth, filed a petition in bankruptcy in the United States District Court for the District of Massachusetts on June 26, 1963. Subsequently, he moved to New Jersey. His trustee in bankruptcy filed "Specifications of Objections to Discharge." The application for discharge was scheduled for hearing on January 10, 1964, before a referee in bankruptcy. By agreement of counsel for the trustee and counsel for the defendant, that hearing was continued generally, and instead the defendant would appear for examination at the law office of counsel for the trustee on January 6 at 2 P.M. A confirmatory letter told the defendant to bring all records relating to his financial affairs. The defendant duly appeared and was so examined. It was in the course of this hearing that he was served with the summons in the present action. The foregoing are findings of the District Court judge.

More than fifty years ago the rule was enunciated in *Diamond* v. *Earle*, 217 Mass. 499, that a nonresident actually attending court here for the purpose of testifying in cases to which he was a party could not lawfully be served with civil process issuing from our courts in an action against him as a defendant (page 500). The pertinent principles were fully set forth by Chief Justice Rugg (pages 500–501): "The rule has been stated generally that suitors and witnesses from a foreign jurisdiction are exempt from service on civil

process while attending court and for such reasonable time before and after as may enable them to come from and return to their homes. This statement is broad enough to include the parties plaintiff as well as defendants and witnesses. The rule is an ancient one. The reason upon which it rests is that justice requires the attendance of witnesses cognizant of material facts, and hence that no unreasonable obstacles ought to be thrown in the way of their freely coming into court to give oral testimony. Non-residents cannot be compelled to come within the jurisdiction to testify. As such testimony may be essential in the due administration of justice, they ought to be protected in coming voluntarily into our courts to aid in the ascertainment of truth and in the accomplishment of right results by the courts. It is not merely a privilege of the person; it is a prerogative exerted by the sovereign power through the courts for the furtherance of the ends of justice. Every party has a right to testify in his own behalf. He cannot do this freely, if hampered by the hazard that he may become entangled in other litigation in foreign courts. The rule is applied almost universally in behalf of witnesses coming from a foreign State. It is extended generally to defendants living outside the State where the litigation is pending."

The rule is the same in the Federal courts. *Stewart* v. *Ramsay,* 242 U. S. 128. *Page Co.* v. *Macdonald,* 261 U. S. 446. It applies to a witness in bankruptcy proceedings before a judge (*Morse-Koob, Inc.* v. *Milner Export & Trading Co. Inc.* 93 F. Supp. 344, 345 [W. D. Okla.]) or before a referee in bankruptcy. *Morrow* v. *U. H. Dudley & Co.* 144 Fed. 441 (M. D. Pa.). *In re Smith Constr. Co.* 224 Fed. 228, 230 (N. D. Ga.). *Matthews* v. *Tufts,* 87 N. Y. 568, 570–571. No case has been found dealing with a trustee in bankruptcy.

The reasoning of the District Court judge was that while the appearance of the defendant at the office of the attorney for the trustee on January 6 was not part of an examination conducted under § 21 (a)[1] of the Bankruptcy Act (11 U. S. C.

---

[1] This section authorizes the court to order the bankrupt to appear for examination into his acts, conduct, or property.

§ 44 [a] [1958]), "it was a part of the formal procedure conducted as required of the defendant by the Bankruptcy Act as administered by the Federal Court and as such he was immune from service of process from our courts."

In its opinion reversing the District Court, the Appellate Division quoted the definition of "court," § 1 (9) of the Act (11 U. S. C. § 1 [9] [1958]), "the judge or the referee of the court of bankruptcy in which the proceedings are pending," and then stated that the examination on January 6 did not come within § 7 (a)[1] (11 U. S. C. § 25 [a] [1958]) since it was not the first meeting of creditors, a hearing upon objections to discharge, or a hearing ordered by the court. Likewise it was not within the authority given to trustees under § 47 (a) (7) (11 U. S. C. § 75 [a] [7] [Supp. V, 1963]) to "examine the bankrupts (a) at the first meetings of creditors or at other meetings especially fixed for that purpose, unless they shall already have been fully examined by the referees, receivers, or creditors, and (b) upon the hearing of objections, if any, to their discharges, unless otherwise ordered by the court." The conclusion of the Appellate Division was that "the examination or hearing . . . was arranged by the attorneys for the respective interested parties and was not an examination or hearing ordered by the court or referee which would have stamped it a judicial proceeding."

In *Wood* v. *Neale*, 5 Gray, 538, the issue was whether a hearing before commissioners of insolvency appointed by a judge of probate in the estate of a deceased person was of such a nature as to afford a creditor attending it protection from arrest. This court held in the affirmative, stating that "the protection extends to all legal tribunals of a judicial character, whether strictly courts of record or not, recognized by the laws of the State, and having power to pass upon the rights of persons attending them." In *Thompson's Case*, 122 Mass. 428, 429, the court said through Chief Justice Gray, "Parties and witnesses, attending in good faith any legal

[1] It is the duty of the bankrupt to attend the first meeting of creditors, the hearing on the objections, if any, to his discharge, and "at such other times as the court shall order."

tribunal, whether a court of record or not, having power to pass upon the rights of the persons attending, are privileged from arrest on civil process during their attendance, and for a reasonable time in going and returning, whether they are residents of this state or come from abroad, whether they attend on summons or voluntarily, and whether they have or have not obtained a writ of protection." In *Thompson's Case,* the principle was applied to an inhabitant of another State appearing before a joint committee of the Legislature to present and testify to a claim of his against the Commonwealth.

We are of opinion that to draw a decisive distinction between a hearing before a referee and one before the defendant's trustee in bankruptcy is not conducive to "the furtherance of the ends of justice."[1] The examination, during the course of which the defendant was served with process, clearly was arranged to facilitate the proceedings in bankruptcy. By coöperation of counsel the examination before the trustee was substituted for the hearing before the referee. The information elicited from the bankrupt by the trustee would have bearing, perhaps conclusive, upon the granting of a discharge. "[A] prerogative exerted by the sovereign power through the courts" should not lead to futility because of insubstantial refinements. We know judicially that the numbers of judges and referees are relatively small in comparison with the number of bankruptcy proceedings. No reason has been suggested why such an obstacle "be thrown in the way" of promptly obtaining oral testimony which may be "essential in the due administration of justice." In no real sense did the defendant have an option to absent himself from the hearing to which his counsel had agreed. The underlying purpose of our decisions favors the defendant.

The answer in abatement was rightly sustained in the District Court. The order of the Appellate Division is reversed.

*So ordered.*

---

[1] The quotations in this paragraph are from *Diamond* v. *Earle,* 217 Mass. 499, 501.