In re the MARRIAGE OF Geoffrey ZIMMERMAN and Teresia Zimmerman.

**Geoffrey Zimmerman, Petitioner– Appellant,**

v.

**Teresia Zimmerman, Respondent– Respondent.**

No. 23700.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 31, 2000.

---

Randy S. Anglen, Branson, for Appellant.

No Appearance for Respondent.

PHILLIP R. GARRISON, Judge.

In this appeal, Geoffrey Zimmerman ("Father") contests the trial court's award of primary physical custody of his two children to Teresia Zimmerman ("Mother") as part of its judgment dissolving their marriage. He contends that the judgment, in that respect, was against the weight of the evidence, and was contrary to Mother's admission, as a result of her failure to respond to a request for admission, that it was in the best interests of the children that he receive primary physical custody of them.

Two children were born of the marriage between Father and Mother, to wit: E.Z., born September 12, 1992, and A.Z., born October 14, 1993. In this suit for dissolution of marriage, initiated by Father, both parties sought primary physical custody of the children, but agreed that joint legal custody should be granted. Mother, who acted *pro se* at trial, failed to respond to a request for admissions directed to her by Father's attorney asking her to admit that: (1) "It is in the best interests of the children that they be placed in the primary physical custody of [Father], with the parties to share joint legal custody"; and (2) "[Father] is better suited to be the primary physical custodian of the children."

At trial, Father testified that Mother had written a number of bad checks and that there was a warrant for her arrest as a consequence of one such check. He also testified that Mother had lied to him about her father's health when asking Father to keep the children on one occasion, had not returned for the children when she said she would, and generally indicated that Mother was of poor character. He also identified photographs of an apartment

that Mother had vacated, which demonstrated what Father characterized as unsanitary conditions consisting of accumulations of trash and a dirty cook stove.

Mother testified, admitting that she had had problems writing bad checks, but disputed much of Father's testimony that might have reflected on her care of the children. Her evidence indicated that the children had been in her physical custody, and that she had cared and nurtured them as a loving parent. She disputed the photographs presented by Father and explained that the photographs were taken while she was in the process of moving out and before all of her belongings and the trash, which was a product of the move, had been taken away. Mother also indicated in her testimony that Father had shown little interest in the children prior to their separation, and had only begun to show an interest when the issue of child support arose. In fact, the evidence indicated that when the children had chicken pox, Father had stayed with a female friend rather than risk his exposure to the disease. According to Mother's testimony, she had demonstrated more of an interest in the children's education than had Father, and she had a job at their school if she could obtain transportation.

We believe it is fair to say that the evidence presented by Mother and Father was conflicting concerning which parent was better suited to have the primary physical custody of the children. The trial court entered a judgment adopting a parenting plan submitted by Mother and granting joint legal custody of the children to Mother and Father, with Mother to have primary physical custody subject to Father's specified visitation privileges. Father appeals.[1]

The scope of our review of this court tried case is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).[2] The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32. Under this standard, considerable deference is accorded judgments turning on evidentiary and factual evaluations by the trial court. *In re Marriage of Fry*, 827 S.W.2d 772, 775–76 (Mo.App. S.D.1992).

■ When reviewing a child custody case, the decision of the trial court is given greater deference than in other cases. *In re C.N.H.*, 998 S.W.2d 553, 557 (Mo.App. S.D.1999). A trial court is vested with considerable discretion in determining custody questions, and appellate courts should not disturb the trial court's findings unless firmly convinced that they are manifestly erroneous and the child's welfare compels a different result. *In re Marriage of Campbell*, 868 S.W.2d 148, 150 (Mo.App. S.D.1993). In reviewing a judgment involving custody, due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses and to evaluate intangibles which do not appear from the cold record. *Id.* With respect to this case, it is important to remember that the trial court is free to believe or disbelieve all, part or none of the testimony of any witness. *Id.* The appellate court is to accept as true the evidence and inferences that are favorable to the trial court's decree and disregard all contrary evidence. *Id.* In a case where, as here, neither party requested findings of fact and conclusions of law, the appellate

1. Mother has not filed a brief in this court. The failure to do so places an imposition on this court and leaves us dependent upon Father's presentation and our own research. However, because no penalty is imposed by statute or rule, we will proceed to determine the case on its merits. *See Massey v. Todd*, 962 S.W.2d 949, 950, n. 2 (Mo.App. S.D. 1998). Our duty to review the case is accentuated by the fact that it involves custody determinations as to minor children.

2. *Murphy* construed Supreme Court Rule 73.01(c). Current Rule 84.13(d), Missouri Rules of Civil Procedure (2000), contains substantially the same provisions.

court must presume that all fact issues were found in accordance with the judgment. *Id.*

In his first point on appeal, Father contends that the judgment awarding primary physical custody of the children to Mother was against the weight of the evidence. In support, he argues that there was evidence that Mother was of poor character, was guilty of poor parenting, had an outstanding warrant for her arrest, had kept the children in unsanitary living conditions, had dropped the children off with Father for a day and did not reappear for a week, and had lied to him about her father's health. Generally, Father describes Mother as being guilty of a "pattern of theft and lies and general bad character and judgment that was not in the best interests of the children," and that she had admitted that Father was a "good father."

An appellate court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and a firm belief that it was wrong. *Murphy*, 536 S.W.2d at 32. "Weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. *Goodnight v. Curry*, 618 S.W.2d 278, 279 (Mo.App. S.D. 1981).

While Father presented evidence which, if believed, would support many of the conclusions he contends the trial court should have reached, it is important to recognize that Mother testified and refuted most, if not all, of Father's allegations. Her testimony could have been construed by the trial court as that of a loving, attentive parent who was doing the best she could do to raise her children under the circumstances. It could have also believed that those circumstances were contributed to by Father's unwillingness to assist her financially during the pendency of the proceedings. While Mother readily admitted having had problems stemming from writing bad checks, an activity which we do not condone or minimize, the trial court was not required to believe those activities would continue or that they unconditionally disqualified her from having primary physical custody of the children.

Father, as appellant, has the burden of demonstrating error and incorrectness of the judgment. *Naeger v. Naeger*, 542 S.W.2d 344, 346 (Mo.App.St.L.1976). We note that Father cites no cases holding that, under circumstances similar to those here, the trial court was required to award him primary physical custody of the children. Because of the deference which we must give the trial court in such matters, including its ability to observe the witnesses, we cannot conclude that the trial court's judgment here was manifestly erroneous or that the welfare of the children requires a different result.[3] Accordingly, this point is denied.

In his other point, Father contends that the trial court erred in awarding Mother primary physical custody of the children because "the issue of who should get the children was effectively removed" from the case because of Mother's failure to respond to requests for admissions referred to earlier in this opinion. As we construe this point, Father contends that the admissions resulting from a failure to respond to the requests for admissions had the effect of requiring the trial court to award him primary physical custody of the children.

In support, Father cites cases such as *Rhodes v. Blair*, 919 S.W.2d 561, 564–65 (Mo.App. S.D.1996), for the proposition that matters admitted as a result of a failure to respond to a request for admissions are conclusively established and eliminate the need for further proof of such matters. He also cites *Linde v. Kil-*

---

**3.** The contention in Father's brief that the result reached by the trial court "is an example of gender bias that has subtly influenced our courts in family law decisions" is unsupported in the record and will not be further addressed by us.

*bourne,* 543 S.W.2d 543, 547 (Mo.App.K.C. 1976), for the proposition that the admission of elements of the burden of proof, or even the ultimate issue, may be required in a request for admission, and that the admission of those matters may not be avoided because the request calls for application of the facts to the law, or the truth of the ultimate issue, or opinion or conclusion, so long as the opinion called for is not an abstract proposition of law. From such cases, Father extrapolates the theory that "[t]hus, whether it was in the best interests of the children to be placed in the physical custody of the father was conclusively admitted by the parties, it was not 'at issue', and this removed it from the discretion of the trial court."

■ None of the cases cited by Father in support of this proposition dealt with the custody of children. The issue of child custody is a matter uniquely reserved for the discretion of the trial court. It has been said that "orders pertaining to the custody of minor children become the special obligation of the judge who must act upon evidence adduced in the case." *Williams v. Cole,* 590 S.W.2d 908, 911 (Mo. banc 1979). This is consistent with the requirement of § 452.375.2, RSMo Cum. Supp.1999, that the trial court "shall determine custody in accordance with the best interests of the child." We do not view the admission by a party in a custody proceeding that another parent is better suited to be primary physical custodian, or that it is in the best interests of the child that primary physical custody be awarded to that parent, as relieving the trial court of its responsibility to make that determination itself consistent with the statutory mandate.

■ There is a correlation between the position taken by Father in this case, and cases involving stipulations between parents about what custodial arrangements they believe would be in the best interests of their children. It is well settled in this state that agreements between parents about the custody of children are not binding on the trial court, and are merely advisory. *Jones v. Jones,* 903 S.W.2d 277, 281 (Mo.App. W.D.1995). *See also* § 452.325.2, RSMo 1994, which provides that separation agreements are binding upon the court "except terms providing for the custody, support, and visitation of children." The rights, claims, and agreements of the parents are of secondary importance to the best interests of the children. *Turpin v. Turpin,* 570 S.W.2d 831, 834 (Mo.App.K.C.1978). "The absolute duty thus placed upon the trial court pertaining to the custody of children, caught in the vortex of divorce proceedings, cannot be abdicated, relinquished or diminished because of extrajudicial agreements of the parents...." *Id.*

■ In *Tompkins v. Baker,* 997 S.W.2d 84, 90–91 (Mo.App. W.D.1999), the court said that "[t]he fact that parents do not dispute custody provisions does not relieve the trial court of its responsibility to consider the best interests of the child." As indicated in *Tompkins,* a trial court errs if it merely follows an agreement of the parties without receiving evidence that it would, in fact, be in the best interests of the children. *Id.*

■ We do not dispute that Mother's failure to respond to the request for admissions was a binding admission on her. We do not believe, however, that the conclusion of the *parties,* whether by agreement or as the result of discovery procedures, alters the duty of the trial court to make the determination as to the best interests of the children in custody matters. As indicated in the authorities cited above, this is a duty that cannot be abdicated, relinquished, or diminished by what the parties do. Accordingly, we do not find that the trial court erred merely because it made an independent determination as to the best interests of the children, contrary to what one of the parents may have technically admitted by failing to re-

spond to a request for admissions. The second point is denied.

The judgment is affirmed.

PREWITT and CROW, JJ., concur.