KEVIN UPSHAW *vs.* KATHARINE GIBBS SCHOOL OF BOSTON, INC., & another.[1]

No. 03-P-1257.

Suffolk. June 11, 2004. - March 7, 2005.

Present: PERRETTA, GREENBERG, & BECK, JJ.

*Contract,* Validity. *Statute,* Construction.

In an action brought in Superior Court by a plaintiff against a private business school, claiming that an enrollment agreement executed by the plaintiff and a representative of the school was null and void under G. L. c. 75D, § 12, the plaintiff failed to demonstrate that the judge erred in granting summary judgment in favor of the defendants, where the evidence provided an acceptable basis for the judge to conclude that the representative did not solicit or obtain the plaintiff's enrollment at the plaintiff's residence in violation of the prohibitions of G. L. c. 75D, § 7 [93-94], and where there was no support for the plaintiff's contention that § 7 required that all representatives of a private business school be licensed under that statute, whether or not they solicited enrollments at a prospective student's residence [94-95].

CIVIL ACTION commenced in the Superior Court Department on November 22, 2002.

The case was heard by *John P. Connor, Jr.,* J., on motions for summary judgment

*Andrew S. Brooslin* for the defendants.

*Kevin Upshaw,* pro se, submitted a brief.

GREENBERG, J. An enrollment agreement (agreement) dated February 21, 2001, between the plaintiff and the Katharine Gibbs School, lies at the center of this case. The agreement was signed by the plaintiff and the defendant Rosemine Occean, an authorized representative of the school. On appeal, neither party disputes that, at all material times, the school was licensed as required by G. L. c. 75D, § 2, to operate a private business

[1]Rosemine Occean.

school. It is also undisputed that Occean was not a "licensed" representative of the school under G. L. c. 75D, § 7.[2] The question put is whether, thus subscribed, the agreement imposed liability on the plaintiff.

1. The parties filed cross motions for summary judgment on the plaintiff's complaint. The plaintiff claims, as matter of law, that his enrollment agreement was null and void under G. L. c. 75D, § 12, because Occean was not a licensed representative.[3] In allowing summary judgment in favor of the school, a Superior Court judge ruled that the only prohibition on unlicensed school representatives is that they may not solicit potential applicants at their residences.[4]

The burden on the plaintiff, as appellant, is to demonstrate error. Our review of the issues raised by the parties is "confined to an examination of the materials before the court at the time the rulings were made." *Fidelity Mgmt. & Research Co.* v. *Ostrander*, 40 Mass. App. Ct. 195, 200 (1996), quoting from *Cullen Enterprises, Inc.* v. *Massachusetts Property Ins. Underwriting Assn.*, 399 Mass. 886, 889-890 n.9 (1987). *Voutour* v. *Vitale*,

---

[2]Section 7 of G. L. c. 75D, inserted by St. 1971, c. 1096, § 1, provides, in pertinent part:

"Any person desiring to be a representative of a private business school shall submit to the commissioner, on a form supplied by him, [certain] information . . . .

"If, after investigation, the commissioner finds that the applicant is qualified to be a representative of a private business school and is of good moral character he shall issue a license to such person."

[3]Section 12 provides, in full: "No agreement between a private business school, not licensed under section three, or its representative, and a pupil shall be enforceable in any court in the commonwealth."

[4]Section 6 of G. L. c. 75D provides, in full:

"No representative of any private business school, which is located within or without the commonwealth, shall, *at the residence of any prospective student*, solicit enrollments or sell courses therein, make representations or give counsel concerning the educational content or quality of or the benefits to be derived from courses in such school unless licensed by the commissioner" (emphasis supplied).

761 F.2d 812, 817 (1st Cir. 1985), cert. denied sub nom. *Saugus* v. *Voutour*, 474 U.S. 1100 (1986).

In support of its motion for summary judgment, the defendant school furnished the motion judge with an affidavit of its president, David J. Waldron, stating that the Commissioner of Education for the Commonwealth had granted a license to the school to operate a private occupational school for the two-year period ending June 30, 2001; that admissions representatives, like the defendant Occean, are not required to be licensed under G. L. c. 75D, § 6, and do not solicit enrollments or sell courses at the residence of prospective students; and in particular, that Occean "did not solicit enrollments or sell courses to the plaintiff at his residence."[5] The plaintiff furnished a copy of the enrollment agreement, which had been signed by the defendant Occean, in her capacity as a school representative, and the plaintiff. Although the contract does not contain any information concerning where it was executed (viz., whether at the plaintiff's home or at some other location) and, to that extent, is less helpful than one might wish, together with Waldron's affidavit it provided an acceptable basis for the judge to conclude that Occean did not solicit or obtain the plaintiff's enrollment at his home. For his part, the plaintiff filed nothing — and the record contains nothing — setting forth facts that unsettled the judge's conclusion.[6] Consequently, there was no genuine issue as to material fact with regard to the issue raised on appeal.

2. The plaintiff contends that § 7 of c. 75D requires that all representatives of a private business school be licensed under

---

[5]In the brief hearing on the motions below, the plaintiff conceded that the parties agreed on the facts and disagreed on the law. As such, his argument that the Waldron affidavit submitted by the school was false or not based on personal knowledge (besides being unfounded) is irrelevant. In any event, the Waldron affidavit did not create any factual issue, much less a genuine issue of material fact so as to preclude summary judgment.

[6]The record provided to this court is sparse. Among other things, it omits part of the enrollment agreement, the initial complaint filed in the lower court, the defendants' memorandum in support of their motion to dismiss, and the exhibits that accompanied it.

On appeal, the plaintiff improperly relies upon factual allegations not of record below (e.g., to the effect that Occean may have solicited his enrollment by way of a telephone call to his home). We disregard such assertions. See *Love* v. *Massachusetts Parole Bd.*, 413 Mass. 766, 768 (1992); *Brossard* v. *West Roxbury Div. of the Dist. Ct. Dept.*, 417 Mass. 183, 184, 186 (1994).

the statute, whether or not they solicit enrollments at a prospective student's home or residence. It appears, however, that such a requirement does not square with § 6 of the statute, which requires only that such representative be licensed if solicitation or counseling concerning the school program or benefits therefrom occurs at the residence of the prospective student.

The regulations adopted by the Commissioner of Education pursuant to G. L. c. 75D, § 8, also reflect the provisions of § 6 of the statute. Section 3.05(1) of 603 Code Mass. Regs. (1997), provides, "Any individual that the school employs as a sales representative shall be licensed . . . ." Section 3.01 of the same regulation defines "sales representative" as a "person who solicits enrollments of prospective students, *at their places of residence* within the Commonwealth of Massachusetts . . ." (emphasis supplied).

The plaintiff's interpretation of § 7 would read out of existence the above-described condition in § 6 and strip it of any effect. "We [will] not 'interpret a statute so as to render it or any portion of it meaningless or superfluous.' " *Volin* v. *Board of Pub. Accountancy*, 422 Mass. 175, 179 (1996), quoting from *Adamowicz* v. *Ipswich*, 395 Mass. 757, 760 (1985). *Banushi* v. *Dorfman*, 438 Mass. 242, 245 (2002). Moreover, "a literal reading of a statute [in this case, § 7] is to be avoided if it makes the statute a nullity or causes it to fail of its essential purpose." *Cohen* v. *Commissioner of the Div. of Med. Assistance*, 423 Mass. 399, 409 (1996), cert. denied sub nom. *Kokoska* v. *Bullen*, 519 U.S. 1057 (1997). "Statutes concerning a common topic are to be read 'as a whole to produce an internal consistency.' " *Massachusetts Assn. of Ins. Agents* v. *Commissioner of Ins.*, 425 Mass. 477, 481 (1997), quoting from *Charles C.* v. *Commonwealth*, 415 Mass. 58, 64 (1993). When this rule is applied, we reach the same conclusion as the motion judge.

*Judgment affirmed.*