LOMALEE KAREEN HOUSTON *vs.* LANCE TORON HOUSTON.

No. 04-P-1165.

Middlesex. April 7, 2005. - September 15, 2005.

Present: LENK, BECK, & COWIN, JJ.

*Divorce and Separation,* Child custody, Findings. *Practice, Civil,* Admissions.

Discussion of Mass.R.Dom.Rel.P. 36 (1975), governing admissions in proceed-
ings involving the custody of minor children. [532-534]
In the circumstances of a divorce proceeding, the judge's withdrawal, after
trial, of certain admissions concerning child custody, which admissions had
become binding on the wife by the operation of Mass.R.Dom.Rel.P. 36
(1975), prejudiced the husband and required further proceedings concern-
ing custody [534-537]; however, none of the judge's findings bearing on
the parties' financial situations were inconsistent with any deemed admis-
sions [537-539].

COMPLAINT for divorce filed in the Middlesex Division of the
Probate and Family Court Department on July 10, 2001.

The case was heard by *Dorothy M. Gibson,* J., and a motion
to amend findings of fact and conclusions of law was heard by
her.

*Suzanne Mancuso* for the husband.

*Robert A. Boncore* for the wife.

LENK, J. Lance Houston, the former husband of Lomalee
Houston (wife), appeals from a judgment of divorce nisi of the
Probate and Family Court and from an order denying his mo-
tion to amend the findings of fact and conclusions of law, claim-
ing, among other things, that the Probate Court judge erred in
ameliorating, subsequent to trial, the effects of certain admis-
sions that had become binding on the wife by the operation of
Mass.R.Dom.Rel.P. 36 (1975). We agree with the husband that
so much of the judgment as pertains to child custody (and
related orders for child support and visitation) must be vacated,

and we remand the matter to the Probate and Family Court for further proceedings.

1. *Background.* After a short-term marriage during which the parties lived together for three years between August, 1997, and June, 2000, the wife filed a complaint for divorce in which she sought, among other things, custody of the parties' child, who was born on May 1, 1996. On July 15, 2003, a pretrial conference was held which resulted in an order directing the parties to complete discovery within forty-five days and stating that the contested issues for trial were alimony and "legal custody."[1] Thereafter, on July 28, 2003, the husband, then (apparently) a law student and acting pro se, served by mail on the wife, through counsel, a "1st set of requests for admissions."[2] The wife served her answers to the requests for admissions on September 5, 2003, three days late.

At the trial on January 2, 2004, on the limited issues of alimony and child custody, the husband introduced and had marked as an exhibit his requests for admissions, and the judge stated that because the wife had failed to respond to the requests within the thirty-day period specified in Mass.R.Dom.Rel.P. 36,[3] and had failed to file a motion to extend the thirty-day period, the requests were considered admitted and the parties (and the judge) were "stuck" with them.[4] The judge also indicated, at

[1] Notwithstanding the conference judge's reference to "legal custody," the parties' pretrial memoranda, and the trial judge's later findings, indicate that the physical custody of the child was also in issue. See and compare *Slade* v. *Slade*, 43 Mass. App. Ct. 376, 378-379 (1997).

[2] The husband made sixty requests for admissions which were divided into categories such as "marital cohabitation," "[husband's] parenting and interest in [the minor child]," "[husband's] primary care of [the minor child]," "mother's interaction with [the minor child]," "[wife's] claims of domestic violence," "domestic contribution," and "marital debt." The requests included admissions concerning the husband's substantial involvement in the child's care, at various times, and the wife's lack of involvement with the child. The husband also requested the specific admission "[t]hat between 1997 and 2000 the [husband] served as the primary homemaker of the family, and engaged exclusively in the following homemaker tasks: all cleaning, all laundry, and all transportation of [the minor child] to and from his school."

[3] The provisions of rule 36 are summarized *infra*.

[4] The wife's untimely answers to the requests for admissions were also marked, without objection, as an exhibit at trial. As discussed in note 17, *infra*,

various points at trial, that evidence was not required concerning matters established by the admissions.[5]

By a judgment of divorce nisi dated February 25, 2004, the wife was awarded full legal and physical custody of the parties' child (subject to reasonable visitation by the husband), and the husband was ordered to pay child support in the amount of $73 per week. Neither party was ordered to pay alimony to the other. In her findings of fact and conclusions of law, the judge iterated that because the wife had failed to serve timely answers to the requests for admissions, and had failed to request an extension of time to file her answers, "[t]he Wife [was] . . . bound by the admissions contained [in the requests]." The judge also indicated that, in response to a motion filed by the husband, she had "entered sanctions for Wife's failure to timely answer, specifically, the Court established the facts contained in the Request for Admissions."

Notwithstanding her statements at trial concerning the binding nature of the admissions and the establishment of the facts contained therein, the judge subsequently found as facts, inter alia, that "[f]rom the birth of the parties' son, the Wife was primarily responsible for child care and homemaking," and that

---

during his cross-examination of the wife at trial, the husband had the wife read into the record a portion of one of her answers.

[5]We have been hampered in our review of this case by the husband's inclusion in the record appendix of a transcript containing only brief excerpts of the trial proceedings. See *R.J.A.* v. *K.A.V.*, 34 Mass. App. Ct. 369, 372 n.6 (1993) (burden is on the appellant to furnish the record to support her claims on appeal); *Upshaw* v. *Katherine Gibbs Sch. of Boston, Inc.*, 63 Mass. App. Ct. 92, 93 (2005) (burden is on the appellant to demonstrate error). The original papers on file in the Probate Court reflect that after the husband served his designation of the portions of the tape recording to be transcribed, the wife failed to avail herself of the opportunity for counterdesignation. See *Russell* v. *McOwen-Hanelt*, 413 Mass. 106, 107 n.3 (1992), cert. denied, 506 U.S. 1051 (1993). The judge's findings suggest that additional evidence may have been presented at trial touching on the subjects covered by at least some of the admissions. For the most part, we are unable to determine the nature of this possible evidence, how the evidence was presented, whether objections to the evidence were made, or whether the parties or the judge made statements concerning the additional evidence (see note 7, *infra*). We note also that the judge stated at one point during trial that she had accepted *some* of the admissions that the husband had acquired. Notwithstanding this statement, the judge seemed to articulate in her findings her understanding that the facts contained in all of the requested admissions had been established.

"[d]uring the course of the marriage and since the parties separated, the Wife has been the primary caretaker for the minor child."[6] The judge also found that although the wife had established a need for alimony, because of the husband's financial situation while a law student at the time of trial, the husband did not have the present ability to pay alimony. The judge therefore declined to enter a present order for alimony, but noted that "if and when the Husband's circumstances change in the future, the Wife may be entitled to bring an action in the future."

On March 1, 2004, the husband filed a motion to amend the judge's findings of fact and conclusions of law, including those findings that the wife was primarily responsible for child care and homemaking since the birth of the parties' child, as they were "contrary to the weight of the evidence in that the findings [were] contrary to facts deemed admitted at trial." On April 26, 2004, the judge denied the motion, stating:

> "Notwithstanding the requests for admissions this court finds that based upon the best interest of the child this court has considered the facts related to custody and child support in a manner which is fair to both parties and is not unduly burdensome to the parties. To allow some of the admissions to stand runs contrary to the court's duty to determine what is best for the child."

This appeal followed.

2. *Rule 36 admissions.* Under Mass.R.Dom.Rel.P. 36(a), each matter of which an admission is requested is deemed admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed responds in accordance with the

---

[6]The judge made additional findings that bear on the question of custody, to wit, that problems surfaced in the parties' marriage due to the husband's abusive behavior, which included physical and verbal abuse of the wife; that restraining orders had issued against the husband in the past; that the wife was arrested after an incident at the former marital home in February, 2000; that the husband, at times, had temporary custody of the child; that although the child had stayed with the husband for periods during the marriage while the wife went to Jamaica to clear up immigration matters (the wife was an illegal alien at one point), the wife has had custody of the child since March, 2002; and that the child has done well in the mother's care.

rule either by denying the matter (or setting forth in detail why the answering party cannot truthfully admit or deny the matter) or objecting to it. Rule 36(b) provides that any matter admitted under the rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.[7] Paragraph (b) recognizes that "[t]he effect of the rule in a given case may be unduly harsh, and the ability of the judge to exert an ameliorating influence is essential to avoid a result in which form triumphs over substance." *Reynolds Aluminum Bldg. Prods. Co.* v. *Leonard*, 395 Mass. 255, 260 (1985) (involving Dist./Mun.Cts.R.Civ.P. 36 [1975], which the court described as identical to Mass.R.Civ.P. 36, 365 Mass. 795 [1974]). See *Northboro Inn, LLC* v. *Treatment Plant Bd. of Westborough*, 58 Mass. App. Ct. 670, 677 (2003). In the usual case, a judge "may ameliorate the effect of the rule when: (1) the presentation of the merits of the action will be advanced, and (2) the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." *Reynolds Aluminum Bldg. Prods. Co.* v. *Leonard*, 395 Mass. at 260. However, when a party delays seeking relief until trial has commenced, rule 36(b) impliedly adopts a stricter standard of preventing "manifest

---

[7]Rule 36 of the Massachusetts Rules of Domestic Relations Procedure is identical to Mass.R.Civ.P. 36, 365 Mass. 793 (1974). Both rules track Fed.R. Civ.P. 36. See Reporters' Notes to Mass.R.Civ.P. 36, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 609 (LexisNexis 2004); *Reynolds Aluminum Bldg. Prods. Co.* v. *Leonard*, 395 Mass. 255, 257 & n.4 (1985). Commentators have indicated, expressly or impliedly, that "any matter conclusively established [under rule 36] is treated as a judicial admission, not an evidentiary admission." 7 Moore's Federal Practice § 36.03[2] (3d ed. 2003). See Liacos, Brodin, & Avery, Massachusetts Evidence § 2.3.1 (7th ed. 1999) (citing to Mass.R.Civ.P. 36 in the context of judicial admissions). "Judicial admissions 'conclusively determine an issue [and] they relieve the other party of the necessity of presenting evidence on that issue.' " *General Elec. Co.* v. *Assessors of Lynn*, 393 Mass. 591, 603 n.8 (1984), quoting from Liacos, Massachusetts Evidence 275-276 (5th ed. 1981). Moreover, any admission that is not amended or withdrawn cannot be "ignored by the court even if the party against whom it is directed offers more credible evidence." 7 Moore's Federal Practice, *supra* at § 36.03[2]. A "judge may not simply decide that he finds other evidence relating to the admitted matter more credible than the admission." *Reynolds Aluminum Bldg. Prods. Co.* v. *Leonard*, 395 Mass. at 261-262.

injustice." *Id.* at 260 n.9. See *Brook Village N. Assocs.* v. *General Elec. Co.*, 686 F.2d 66, 71 (1st Cir. 1982). The Rules of Domestic Relations Procedure govern the procedure in the Probate and Family Court in proceedings involving the custody of minor children. Mass.R.Dom.Rel.P. 1 (1995).[8]

a. *The custody-related admissions.* The husband argues that the judge's findings of fact and conclusions of law with respect to custody must be set aside, as the judge made findings that directly contradict the rule 36 requests deemed admitted at trial.[9] He also urges that the judge abused her discretion when, three months after trial, she sua sponte withdrew and relieved the wife of the effect of the admissions with no prior notice to him or opportunity to be heard and without considering the prejudicial effect of the withdrawal upon him (which the husband states is substantial). In addition, the husband claims that the judge used an incorrect legal standard for the withdrawal and, in fact, should not have withdrawn the admissions in the absence of a motion by the wife requesting such relief.

At the outset, we think it is instructive to review the purposes of rule 36 admissions and the principles governing awards of child custody. "The purpose of [rule 36] is to assist 'the parties in their preparation for trial by facilitating proof with respect to issues that cannot be eliminated from the case, and by narrowing the issues by eliminating those that can be.' " *Reynolds Aluminum Bldg. Prods. Co.* v. *Leonard*, 395 Mass. at 261, quoting from *Equal Employment Opportunity Commn.* v. *Baby Prods. Co.*, 89 F.R.D. 129, 130 (E.D. Mich. 1981). It is a procedural rule. Child

[8]As we shall discuss more fully *infra*, there may be tension between admissions by default in child custody cases and a judge's obligation in such cases to ensure that awards of custody are in the best interests of the child. We assume for purposes of the present appeal, albeit with some reservations, that rule 36 has application in child custody matters.

[9]The husband points specifically to two findings that the judge made bearing on the question of custody that, in the husband's view, are contrary to the "judicially admitted facts": (1) that from the birth of the parties' son, the wife was primarily responsible for child care and homemaking, and (2) during the course of the marriage, and since the parties separated, the wife has been the primary caretaker of the child. The judge's finding that the wife was the primary homemaker since the birth of the parties' child is directly contrary to the deemed admission that the husband was the primary homemaker for the family (which appears to include some child care elements) between 1997 and 2000. See note 2, *supra*.

custody, on the other hand, holds a peculiar place in our jurisprudence and implicates a "societal interest."[10] *Imprescia* v. *Imprescia*, 392 Mass. 101, 104 (1984). Awards of custody are made upon a determination of the best interests of the child. See *Custody of Kali*, 439 Mass. 834, 840-841 (2003), and cases cited; *Custody of Zia*, 50 Mass. App. Ct. 237, 243 (2000). See also *Allen* v. *Allen*, 326 Mass. 214, 216 (1950) (court's *duty* in a custody dispute is to consider the best interests of the child). A judge may consider any factor pertinent to those interests. *Custody of Zia*, 50 Mass. App. Ct. at 243. "It is the *duty* of the judge to consider the welfare of the child[ren] in reference not merely to the present, but also to the probable future . . ." (emphasis supplied). *Rolde* v. *Rolde*, 12 Mass. App. Ct. 398, 403 (1981), quoting from *Jenkins* v. *Jenkins*, 304 Mass. 248, 250 (1939).

The judge's endorsement on the husband's postjudgment motion to amend findings makes clear that the judge recognized at some point, apparently after the trial, that there may be an inherent tension between admissions by default in child custody disputes and a judge's obligation in such matters to ensure that an award of custody is in the child's best interests.[11] In view of the special nature of child custody and the principles governing

[10]Child custody and various other domestic relations matters have been viewed in certain circumstances as standing on a different footing than other civil matters. There is, for example, a "traditional policy against default judgments in domestic relations cases." *Imprescia* v. *Imprescia*, 392 Mass. 101, 104 (1984) (noting the omission from the Rules of Domestic Relations Procedure of a counterpart to Mass.R.Civ.P. 55, 365 Mass. 822 [1974]). Indeed, the Supreme Judicial Court has stated that there is a "societal interest" in the disposition of matters such as child custody that would not be satisfied by a default judgment. *Ibid.* Also, Mass.R.Dom.Rel.P. 56(a) (1997) allows a party to move for summary judgment, but only in actions for modification and actions to modify or enforce a foreign judgment. In another context, our courts have noted that where the welfare and best interests of the child dictate, a probate judge may disregard the terms of a separation agreement. *Williams* v. *Pitney*, 409 Mass. 449, 455 (1991) (involving the removal of children from the Commonwealth).

[11]The courts of other jurisdictions have recognized this tension. See, e.g., *In re Marriage of Zimmerman*, 29 S.W.3d 863, 868-869 (Mo. Ct. App. 2000) (trial court did not err "merely because it made an independent determination as to the best interests of the children, contrary to what one of the parents may have technically admitted by failing to respond to a request for admissions"); *Erwin* v. *Erwin*, 505 S.W.2d 370, 372 (Tex. Civ. App. 1974) (deemed admissions under rule 169 of the Texas Rules of Civil Procedure are not "of controlling effect in a child custody case when they conflict with an

awards of custody, we do not fault the judge for attempting to ameliorate the effects of the procedural rule, even in the absence of a motion by the wife. See *Reynolds Aluminum Bldg. Prods. Co.* v. *Leonard*, 395 Mass. at 260 n.8 (where the court left open the question whether the language "on motion" in rule 36[b] limits a judge "in every circumstance that might arise"). Indeed, where, as here, certain of the requested admissions involve important factors in a custody dispute, such action may be necessary to protect the child's best interests and to prevent manifest injustice. As we have stated, an ameliorating influence may be essential to avoid a result where form triumphs over substance.

What causes concern in the present case is the timing of the withdrawal of certain of the admissions. "Generally, neither a party nor the judge should wait until trial, or worse, after trial, to alleviate the impact of an admission, or to state his reasons for doing so." *Id.* at 261. The purposes of rule 36, as set out *supra*, are "[o]bviously . . . ill-served when a party is informed at, or subsequent to, trial that he must now establish facts for which he had no reason to suspect additional proof would be required. Neither are these purposes served when the judge fails to inform the parties, on the record, exactly how he intends to treat an admission and why." *Ibid.*

Here, there is strong indication in the limited record before us that the husband's trial strategy and approach to the evidence was guided, at least in part, by the wife's failure to answer the requests for admissions and the judge's numerous statements at trial concerning the binding effect of the admissions. By withdrawing the admissions relating to custody after trial and without notice to the husband, the judge effectively put the husband in the unenviable position of having to establish facts for which it appears that he had no reason to suspect additional proof would be required. In the circumstances presented, we

independent finding of fact as to a child's best interests"). See also *In re E.R.*, 2 P.3d 948, 951-954 (Utah Ct. App. 2000) (in an abuse and neglect case, the court did not abuse its discretion in finding prejudice and refusing to permit the withdrawal of admissions where the father conceded that the child would not return to his home regardless of whether he was found to have abused her, and thus the admissions did "not directly jeopardize a proper determination of the child's best interests").

conclude that the husband was prejudiced by the judge's withdrawal, after trial, of certain admissions concerning child custody.[12] Further proceedings concerning custody are thus required.

b. *The admissions relating to finances.* The husband argues that several of the judge's findings that bear on the parties' financial situations are inconsistent with his requests that were deemed judicially admitted. First, the husband asserts that the judge's finding that the wife had established a *need* for alimony to support herself and the minor child is inconsistent with the following judicially admitted facts: the wife has worked each year since the parties' marriage, the wife has not been out of the workforce since the parties' marriage, the wife is "financially independent," the wife has not reported the income of additional persons who reside with her, the wife has more than one source of income, and the wife has given false information to "government bodies" in the past. Cf. *Heins* v. *Ledis*, 422 Mass. 477, 484 (1996) ("An award of alimony is improper absent a finding of financial need on the part of the recipient spouse"). Contrary to the husband's assertion, we do not believe that the admitted facts, either alone or in combination, are inconsistent with the judge's finding concerning the wife's need for alimony.[13] Nonetheless, we think comment is warranted concerning the

---

[12]The problems in this case might well have been avoided had the wife applied for an extension of time to file her answers to the requests for admissions prior to the expiration of the period specified in the rule. Indeed, a judge "has power to allow additional time for a response to a request for admissions even *after* the time fixed by the rule has expired" (emphasis supplied). 8A Wright, Miller, & Kane, Federal Practice & Procedure § 2257, at 541 (1994). As we have discussed, a judge also may ameliorate the effect of rule 36 through withdrawal or amendment of an admission. Even when the party to whom the requests for admissions are directed has not made application for an extension of time or sought amelioration under rule 36(b), we do not think it necessarily inappropriate for a judge in a child custody proceeding (particularly in circumstances where, as here, the answers were only several days late) to express a willingness to entertain such an application, if made. In all events, the parties and the court in child custody disputes should endeavor, if possible, to resolve issues pertaining to requests for admissions prior to trial.

[13]The judge considered expressly in her findings that the wife was always employed during the marriage, that she has had more than one source of income, and that she currently resides with her mother and brother, with whom she shares expenses. There is nothing in the admission that the wife had given false information to some unspecified government body that connects it to the

admission that the wife is "financially independent." In addition to the foregoing findings, the judge found that the wife's income is limited, that she manages her income so as not to fall into debt, and that in order to avoid debt the wife had been required to work a second job or additional hours. Putting to one side the question whether the admission that the wife is "financially independent" is ambiguous,[14] see *Talley* v. *United States*, 990 F.2d 695, 699 (1st Cir.), cert. denied, 510 U.S. 867 (1993) (to the extent a request for admissions is ambiguous, that ambiguity is to be construed against the party whose lawyer drafted the request), the admitted fact, when viewed in the light of all of the judge's findings, suggests that the wife is able to achieve financial independence (whatever the meaning of that language) only by working multiple jobs or extra hours. In the circumstances, there is nothing in the admission that would preclude the judge from finding a financial need for alimony on the part of the wife.

Similarly, we perceive nothing in the "admitted facts" (particularly those pertaining to the husband's "support" of the wife at various times) that would preclude or render erroneous the judge's findings that "[t]he Husband worked sporadically and only part-time and did not earn enough money to support the family. It was through the efforts of the Wife that the family was financially maintained." Again, these findings must be read in the context of all of the judge's findings, including her findings that "[f]or most of the marriage, the Husband has been a student, he has worked while he goes to school and contributed to the marriage"; that the wife has been a "consistent source of income for the family"; and that the wife, at times, has "out earned" the husband despite her limited education.[15] Read together, the judge's findings, reasonably construed, indicate that although the husband did not earn sufficient income on a consistent basis to support the family, he made some contributions to the family's support. As we have noted, the admitted

wife's need. (The judge did, in fact, find that the wife, who had been an illegal alien, used a false social security number in order to obtain employment.)

[14]It is not clear, for example, whether the language in issue means that the wife can meet her most basic needs, or something else.

[15]In the absence of a more complete transcript, the husband is not in a position to argue that the judge's findings are unsupported by the evidence.

facts to which the husband points contain, for the most part, statements that the husband had supported the wife (in unspecified amounts) at various times during the marriage.[16] The judge's findings do not, as the husband contends in his brief, "directly contradict[]" the rule 36 admissions.

3. *Other issues.* There is nothing in the husband's remaining arguments, considered in the light of the limited record before us, that would cause us to disturb any other finding or order of the judge.[17]

4. *Relief.* Contrary to the husband's request in his brief, we do not think it is appropriate in the present case to remand the matter to the Probate Court with directions that findings of fact with respect to custody be entered consistent with the husband's requests for admissions. Rather, for all of the reasons we have stated, we think the admissions with respect to child custody (and the wife's answers to requests for admissions concerning child custody, which was an exhibit at trial) should be treated as withdrawn and the matter remanded to the Probate Court for a full evidentiary hearing on the question of child custody. Moreover, in view of the passage of time since the trial, the judge may consider such recent evidence as may be necessary or helpful.

So much of the judgment as pertains to child custody, visitation, and child support is vacated and the matter is remanded to the Probate and Family Court for further proceedings consistent with this opinion. However, the orders for custody, visitation,

[16]We note that an additional "admitted fact" relied on by the husband, i.e., that the rent for the parties' living accommodations while the husband was a student was covered by the husband's financial aid, seems inconsistent with the admitted fact that the wife made rental payments to Harvard University. In the absence of a durational time frame, we also perceive nothing in the admitted fact that the husband worked "full-time" in the day during the minor child's school hours that would cause us to disturb the judge's findings.

[17]Much of the husband's remaining arguments are grounded in his assertions that the judge should not have established as fact in her findings the wife's claims of deposits into his bank account, as such findings violated discovery sanctions entered by the judge. We note that the husband, during his cross-examination of the wife at trial, requested the wife to read into the record a portion of one of her answers to the husband's requests for admissions. That answer contained the following language, which the wife read: "Plaintiff's money was being deposited into Defendant's bank account." The judge stated that the document spoke for itself and that the wife's testimony would stand.

and child support shall remain in effect as temporary orders until new orders are entered. In all other respects, the judgment is affirmed.

*So ordered.*