NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-399                                            Appeals Court

THOMAS M. BONAPARTE  vs.  MICHELA DEVOTI.

No. 17-P-399.

Barnstable.     January 9, 2018. - July 20, 2018.

Present:  Trainor, Hanlon, & Singh, JJ.

Divorce and Separation, Relief from judgment.  Due Process of
    Law, Fair trial.  Evidence, Acceptance or rejection of
    testimony, Unavailable witness.  Witness, Unavailability.
    Telephone.

Complaint for divorce filed in the Barnstable Division of
the Probate and Family Court Department on May 11, 2015.

The case was heard by Arthur C. Ryley, J., and a motion for
a new trial was considered by him.

Michael J. Traft for the wife.
Michael Fray Suarez for the husband.

SINGH, J.  Michela Devoti, the former wife (wife) of Thomas

M. Bonaparte (husband), appeals from a divorce judgment entered

in the Probate and Family Court.  She also appeals from the

order denying her motion for new trial.  Her primary contention

on appeal is that her motion to testify by telephone or video

should have been allowed when she was unable to personally appear at trial due to immigration issues. We agree and, with the exception of the portion of the judgment granting the divorce, we vacate the judgment and remand for further proceedings consistent with this opinion.

Background. The parties were married in Italy on October 2, 2005. At that time, the husband resided in New Jersey, and the wife, an Italian citizen, resided in Piacenza, Italy. In January of 2006, the wife gave birth to the parties' child in Italy. The parties agreed to continue living apart; however, the husband traveled to Italy periodically to visit the wife and the child.

In the summer of 2006, the wife and the child visited the husband in New Jersey, at which time the parties discussed the possibility of relocating to Cape Cod. In March of 2009, the parties purchased a home located in Sandwich (marital home). One year later, in March of 2010, the wife and the child moved into the marital home with the husband. Shortly thereafter, the husband was laid off by his employer and he struggled to find work.

In 2011, the wife and child returned to Italy, after which time the husband was responsible for the expenses related to the marital home. The wife was responsible for her own and the child's living expenses, and received little, if any, financial

support from the husband until March of 2015, when the husband began sending the wife $100 to $150 per week.

In May of 2015, the husband filed a complaint for divorce in the Probate and Family Court. Following a pretrial conference on December 9, 2015, a judge of the Probate and Family Court (pretrial judge) issued an order identifying the contested issues for trial as "child support" and "an equitable division of assets, specifically the former marital home." The trial was scheduled for May 3, 2016. Nine days prior to the trial, the wife filed a motion seeking permission to testify by telephone or video. The wife asserted she was unable to re-enter the United States until her green card status was "regularized," and travel to this country was further complicated by the expiration of the child's Italian passport, which could not be renewed until the husband signed "the appropriate papers with the Italian Consulate." The pretrial judge denied the wife's motion without explanation on April 26, 2016.

On May 3, 2016, the wife's counsel, the husband, and the husband's counsel appeared before a different judge (trial judge) for the first day of trial. At the start of trial, the wife's counsel renewed the wife's request to testify by telephone or video, submitting a supporting affidavit. The wife's counsel stated that, during a recent trip to the United

States in December of 2015, Federal immigration officials detained the wife for several hours and warned her that, due to an irregularity with her green card status, she would not be permitted re-entry unless she surrendered her green card or obtained a travel document. The wife's counsel further stated that, upon returning to Italy, the wife immediately began the process of obtaining the required travel document; however, it was presently "stuck in the system." The trial judge denied the wife's request, observing that the wife had not sought a continuance of the trial. Each party's counsel presented opening statements, and the husband testified. A second day of trial was held on May 18, 2016, after which the parties submitted proposed judgments.

A divorce judgment closely resembling the husband's proposed judgment entered on June 29, 2016. The divorce judgment provided, in relevant part, that (1) the wife shall retain ownership of her real property located in Italy; (2) the husband shall retain the marital home and reimburse the wife $50,000 for "her interest in the [marital] home, after taking into consideration her sole interest" in the Italian properties and the husband's expenditures related to the marital home; and (3) the husband shall pay child support in the amount of $240 per week. The trial judge declined the wife's request to deviate upward from the presumptive Child Support Guidelines

(2013) (Guidelines) amount of $340 per week, instead deviating downward in consideration of the travel expenses (approximately $96 per week) the husband would incur to visit with the child.[1] The trial judge further declined the wife's request for restitution for the husband's failure to support the child while the parties lived apart. On July 13, 2016, the wife filed a motion for new trial and relief from judgment pursuant to Mass. R. Dom. Rel. P. 59 and 60, which was denied on July 21, 2016. The present appeal by the wife followed.

Discussion. The wife claims the denial of her motion to testify by electronic means was an abuse of discretion and deprived her of due process.[2]

"Due process requires, at minimum, an opportunity to be heard 'at a meaningful time and in a meaningful manner.'"

---

[1] At trial, the wife's counsel represented that child support should be based on the Guidelines.

[2] The wife also claims error in light of a 2016 amendment to the Uniform Interstate Family Support Act (UIFSA), G. L. c. 209D, which provides that a judge "shall permit a party or witness residing outside the commonwealth to be deposed or to testify under penalty of perjury by telephone, audiovisual means, or other electronic means . . . ." G. L. c. 209D, § 3-316(f), inserted by St. 2016, c. 53, § 1 (emphasis supplied). The wife argues she was entitled to testify by electronic means because the 2016 amendment went into effect before she filed her motion in April of 2016. However, even if UIFSA applies to this case, it appears the 2016 amendment was not in "effect" for purposes of this case, as the underlying divorce proceedings were commenced in 2015, and the 2016 amendment only applies to proceedings "commenced on or after" March 31, 2016. See St. 2016, c. 53, §§ 2-3.

Brantley v. Hampden Div. of the Probate & Family Ct. Dept., 457 Mass. 172, 187 (2010), quoting from Adoption of Simone, 427 Mass. 34, 39 (1998).  The decision whether to allow a party's request to testify by electronic means is a matter within the judge's discretion.  See Mass. R. Dom. Rel. P. 43(a) ("In all trials the testimony of witnesses shall be taken orally in open court, or such other place as the judge may in his discretion determine, unless otherwise provided by these rules").  See also Adoption of Edmund, 50 Mass. App. Ct. 526, 530 (2000) ("[T]he precise method of participation should generally be left to the discretion of the trial judge"); Adoption of Thea, 78 Mass. App. Ct. 818, 826 (2011) (allowing telephonic testimony is within the judge's discretion).  "The responsibility for devising a mechanism for meaningful participation, once requested, rests with the judge."  Adoption of Whitney, 53 Mass. App. Ct. 832, 836 (2002).

Here, the wife sought to participate in the divorce trial by way of telephonic or audiovisual testimony, as her presence was precluded by her immigration status.  In denying the wife's request, the trial judge found the wife "had three months to arrange for an audio visual deposition [pursuant to Mass. R. Dom. Rel. P. 30A(k)]" but instead "waited until the last minute" by filing her motion only nine days before the trial.  The judge found "[t]here [wa]s no reasonable way [the] [h]usband could

have arranged for, or prepared for an audio visual or telephone hearing in that short period of time." It is apparent the judge viewed the wife's motion to testify by electronic means as untimely, despite that there is no specific time frame for filing such a motion, under rule 30A(k) or otherwise. See Mass. R. Dom. Rel. P. 30A(k)(1) (requiring only "notice and an opportunity to be heard").[3] See also Roche v. Massachusetts Bay Transp. Authy., 400 Mass. 217, 221 (1987) (deeming a motion filed seven days prior to trial as having provided "proper notice" for purposes of rule 30A[k]).[4]

In focusing on audiovisual depositions pursuant to rule 30A, the judge appeared to overlook other available options to facilitate the wife's participation in the trial, including live testimony via telephone or video, as requested by the wife. See Adoption of Whitney, 53 Mass. App. Ct. at 836 ("In some cases," a party's participation "may best occur through video or telephone conferencing during trial; in yet others, through

---

[3] "Upon motion with notice and an opportunity to be heard, . . . the court may order, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, that all or part of the testimony, and such other evidence as may be appropriate, may be presented at trial by audiovisual means." Mass. R. Dom. Rel. P. 30A(k)(1) (identical to Mass. R. Civ. P. 30A[k][1], as appearing in 393 Mass. 1238 [1985]).

[4] See Mass. R. Dom. Rel. P. 30(b) (requiring seven days' notice prior to the taking of a deposition).

appropriate documentary submissions, deposition testimony, or other reasonable means").

Moreover, the judge did not appear to consider other relevant factors. The judge's findings reflect no consideration of the wife's interest in being able to testify, or the prejudice to the wife resulting in her inability to do so. See Valley Bank & Trust Co. v. Marrewa, 354 Mass. 403, 405 (1968) ("Every party has a right to testify in his own behalf").

Likewise, there is no indication that the judge, in declining the wife's request to testify by electronic means, considered the potential impact on the child's interests. The judge's findings contain minimal discussion of the child's needs, despite those needs being a mandatory factor for the judge to consider under G. L. c. 208, § 34. The wife sought to introduce, through testimony, evidence regarding the child's needs, including the various expenses she regularly incurs in connection with the child's developmental and learning disabilities.

Given that the husband had only visited with the child a "few times" since 2011, and that the wife is responsible for the overwhelming majority of the child's care, it is inconceivable that the wife's testimony on these matters would have no effect on the judge's findings. See Adoption of Whitney, 53 Mass. App. Ct. at 838. Instead, the judge focused solely on the

inconvenience to the husband caused by the wife's "last minute" motion.

Even if the wife's motion had been late under a specific procedural rule, which we do not suggest, "domestic relations matters have been viewed in certain circumstances as standing on a different footing than other civil matters." Houston v. Houston, 64 Mass. App. Ct. 529, 535 n.10 (2005). In cases involving children, a judge's action to ameliorate the harsh effects of a procedural rule "may be necessary to protect the child's best interests and to prevent manifest injustice." Id. at 536 ("As we have stated, an ameliorating influence may be essential to avoid a result where form triumphs over substance").

Here, the risk that the child may be receiving less support than necessary due to the wife's inability to testify is too great to ignore.[5] In light of the judge's failure to consider the interests of the wife and the child, we conclude the denial

---

[5] Indeed, the judge deviated downward from the presumptive Guidelines by simply deducting the husband's travel costs from child support, thereby causing the wife to absorb the entirety of this expense. While a parent's extraordinary travel expense is one factor a court may consider, it appears that the judge did not consider any of the other factors which, in the circumstances of this case, would have warranted an upward deviation. See Guidelines § IV (2013) (factors include [1] a child with special needs, [2] a child with extraordinary medical or other expenses, [3] a parent with extraordinary travel expense, [4] a parent absorbing child care cost disproportionate to income, and [5] a parent providing less than one-third of the parenting time).

of the wife's request to testify by electronic means was an abuse of discretion.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting from Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008) ("[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives").

As the absence of testimony from the wife affects not only the amount of child support, but also the property division, those issues must be remanded for a new trial, and we need not decide the arguments raised by the wife in connection with the same.

Conclusion.  The order denying the motion for new trial is reversed.  The portion of the divorce judgment granting the divorce is affirmed.  In all other respects, the divorce judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion.  A temporary child support order shall enter to be in effect during the pendency of the remand.

So ordered.