Orlando Ramos (father), appeals from a modification judgment of the Probate and Family Court increasing his weekly child support obligation to Azualine Lopez (mother) from seventy-five dollars per week to ninety dollars per week.[2] On appeal, the father argues that the judge improperly deviated upward from the Massachusetts Child Support Guidelines (guidelines) by (1) considering income from the father's secondary job; (2) failing to make required findings as to whether under the existing order the child's needs were adequately met, and whether the application of the guidelines resulted in a "gross disparity" in the standard of living between the two households warranting an upward deviation from the guidelines; and (3) improperly applying an income-equalization approach to modify child support. We agree, and vacate the judgment of modification of child support and remand the case for further proceedings consistent with this memorandum and order.
Discussion. A judge may modify an existing child support order if a party demonstrates that there has been a "material and substantial change in circumstances" since the entry of the prior judgment. Child Support Guidelines § III.A.5 (2017). "In reviewing a modification judgment, we examine whether the factual and legal bases for the decision are in error, or whether the judge otherwise abused his discretion" (citation omitted). Flor v. Flor, 92 Mass. App. Ct. 360, 363 (2017). See Wasson v. Wasson, 81 Mass. App. Ct. 574, 576 (2012). We may find an abuse of discretion where "the judge made 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
"[C]hild support is controlled by G. L. c. 208, § 28, and the [guidelines]." Wasson, 81 Mass. App. Ct. at 576. "There is a 'rebuttable presumption that the amount of the order which would result from the application of the guidelines is the appropriate amount of child support to be ordered.' " P.F. v. Department of Revenue, 90 Mass. App. Ct. 707, 709 (2016), quoting G. L. c. 208, § 28. "[W]hen the modification involves a deviation from the guidelines, both the statute and the guidelines require that the judge explain the deviation in specific written findings." Wasson, 81 Mass. App. Ct. at 579. The written findings must "specify[ ] that 'the guidelines amount' would be unjust or inappropriate, that departure from the guidelines is justified by the facts of the case, and that departure is consistent with the child's best interests."P.F., supra at 709, quoting Morales v. Morales, 464 Mass. 507, 510 n.6 (2013).
1. Secondary income. The father argues that the judge improperly considered additional earnings from the father's secondary employment with the city of Springfield in modifying the father's child support obligation because it is undisputed that he did not have that secondary job when the original child support order was entered.[3] "The guidelines and our case law leave the definition of income flexible, and the judge's discretion in its determination broad." M.C. v. T.K., 463 Mass. 226, 240 (2012). The guidelines define "income" as "gross income from whatever source," including "salaries, wages, overtime and tips," as well as income from a "secondary job." Guidelines §§ I.A.1; I.B.1. See Snow v. Snow, 476 Mass. 425, 431 (2017). Notwithstanding this broad definition of income, the guidelines specifically provide that "[i]f after a child support order is entered, a payor or recipient begins to work overtime or obtains a secondary job, neither of which was worked prior to the entry of the order, there shall be a presumption that the overtime or secondary job income should not be considered in a future child support order." Guidelines § I.B.2. See Vedensky v. Vedensky, 86 Mass. App. Ct. 768, 777-778 (2014) (definition of income for alimony purposes is as defined by Child Support Guidelines).
Here, it appears that the judge did consider and include the father's secondary income in his child support calculation. At the modification hearing,[4] the father maintained, and the mother did not dispute, that he did not have his second job with the city at the time of the original judgment.[5] The judge's findings and rationale, however, included two child support calculations, one that "includ[ed] [the father's] second job," and resulted in a differential of eighty-eight dollars between the parties' incomes, and one that did "not include[ ] his second job," and resulted in a differential of fourteen dollars between the parties' incomes.[6] The judge ultimately ordered the father to pay ninety dollars per week, finding that the father was "in a better place financially" than he had been at the time of the original order, a plain reference to his additional income from his second job.[7] Given the amount of child support ordered, and the judge's finding on the father's improved financial situation, it appears that the judge considered the father's second job when determining the child support amount, despite the contrary presumption allowed under the guidelines.[8] See Guidelines § I. B. 2; Vedensky, 86 Mass. App. Ct. at 777-778. Here, we cannot say that the judge's findings explain how he overcame that presumption. Accordingly, we vacate the judgment of modification of child support, and remand this matter to the trial court for further proceedings and findings consistent with this memorandum and order.
2. Adequacy of existing child support order to meet child's needs. The father also claims the judge erred when he made the upward deviation from the guidelines amount, without a finding that the mother was unable to meet the child's reasonable needs under the existing order, and without a finding that the application of the guidelines would result in a "gross disparity" between the standard of living between the two households such that the mother was left with an unreasonably low percentage of the combined available income. See Guidelines § IV.B.11. As the father agrees, a judge may award child support to "ensure that the child enjoys economic adequacy and a standard of living not grossly inferior to that of either parent, and that the child is not deprived of important life opportunities that would have been available had the child resided with that parent." M.C., 463 Mass. at 236. See Brooks v. Piela, 61 Mass. App. Ct. 731, 736-737 (2004). It is within the judge's discretion "to determine whether and to what extent [the children's] needs are unmet by [the] existing order." Cooper v. Cooper, 62 Mass. App. Ct. 130, 137 (2004). Nevertheless, "[w]hen the amount of child support generated by application of the formula is sufficient to accomplish all these objectives, the rationale for continued sharing of income loses much of its force." M.C., 463 Mass. at 236. There is no "factual basis" for an increase in child support if the payee parent is able to "provide for the child's reasonable needs while the child [is] in [their] care" and maintain a consistent standard of living for the child. Id. at 237. Consequently, the "child's needs" are "a mandatory factor for the judge to consider" when determining the appropriate child support amount. Bonaparte v. Devoti, 93 Mass. App. Ct. 603, 607 (2018). Guidelines § 1.E.3.
In light of our decision to vacate the modification judgment based upon the father's first ground of appeal, we decline to further address this issue. Whether the mother was unable to adequately "meet the child's reasonable needs" without the increased order, and whether the child enjoyed the same "standard of living" in each parent's home, M.C., 463 Mass. at 236-237, shall remain open to be addressed by the parties and the judge on remand.
3. Income equalization. Finally, the father contends that the judge improperly used an income-equalization approach to calculate child support. An income-equalization approach is inappropriate because "it does not account for the noncustodial parent whose income far exceeds any reasonable needs the child might have," and "may constructively distribute the noncustodial parent's estate, provide a windfall to the child and custodial spouse, and infringe upon the noncustodial parent's right to direct the lifestyle of his or her children." Pearson v. Pearson, 52 Mass. App. Ct. 156, 160 (2001). Income equalization is even more problematic "where parents have similar standards of living and share physical custody" because both parents experience "the added expenses of living with a child (e.g., food, clothing, and third-party child care) and the opportunity costs of being a residential parent (e.g., diminished chances to attain work experience and market skills)."[9] M.C., 463 Mass at 236. A judge may not require a parent "to fully share his [or her] earnings ... for the purpose of equalizing household standards of living" because doing so "would invade the higher-income parent's reasonable interest in benefiting from the fruits of his or her labor" by " 'impos[ing] all the economic costs of family dissolution on the [higher-income] parent,' while holding the parent with lower income harmless from such costs" (citations omitted). Id. at 235.
Once again, in light of our decision to vacate the modification judgment based upon the father's first ground of appeal, we decline to further address this issue, which shall remain open to be addressed by the parties and the judge on remand.
Conclusion. For the reasons discussed above, we vacate the judgment of modification of child support dated December 6, 2017, and remand this matter to the trial court for further proceedings and findings consistent with this memorandum and order.[10]
So ordered.
Vacated and remanded

Azualine Lopez, also referred to as Azualine Rosas, did not file a brief.

In 2008, a different judge ordered the father to pay seventy-five dollars per week in child support to the mother, a downward deviation from the presumptive guidelines amount of $115 per week. That judge reaffirmed this amount in 2010, and in 2013 after the mother and the father filed cross complaints for modification. The parties again filed cross complaints for modification in 2016, which led to the modification judgment at issue here.

It appears from the record that the parties agreed to a nonevidentiary hearing on this matter.

The father maintained at the hearing that he began working at his second job in 2011. A judge entered the original order in 2008.

The guidelines specify that "[w]here two parents expect to or do share equally, or approximately equally, the financial responsibility and parenting time for the children, the child support order shall be determined by calculating the guidelines worksheet twice, first with one parent as the recipient, and second with the other parent as the recipient. The difference in the calculations shall be paid to the parent with the lower weekly support amount." Guidelines II.D.3. Here, the parties share joint legal and physical custody, with the child spending roughly equal time with both parents.

Although the amount generated by the guidelines that included the father's second income was eighty-eight dollars, it appears that the judge simply rounded that number up to ninety dollars.

The judge acknowledged at the hearing that there is a "presumption of exclusion" for a "second job post judgment," but advised that if the father's second job was "a regular source of income, it's not going to be totally disregarded."

See footnote 5, infra.

Pending a further hearing on remand, the child support order from that modification judgment shall remain in full force and effect.