NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1430

THOMAS MICHAEL BONAPARTE & another[1]

vs.

MICHELA DEVOTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from protracted divorce proceedings beginning in 2015 in the Probate and Family Court between Michela Devoti (wife) and Thomas Michael Bonaparte (husband), during a portion of which the wife was represented by Attorney Lauren G. Klein.  After Attorney Klein withdrew from her representation of the wife, she initiated a Superior Court action to determine the amount of her attorney's lien.  The Superior Court proceedings determined the amount of the attorney's lien and resulted in the imposition of sanctions on the wife for vexatious litigation.

_____

[1] Lauren G. Klein, intervener.

Meanwhile, the divorce judgment was vacated in part by this court, and a Probate and Family Court judge (remand judge) thereafter issued an "amended judgment on remand" on September 9, 2021 (amended divorce judgment) providing, among other things, that all amounts due to Attorney Klein under the Superior Court judgment would be paid directly to her from the wife's portion of the property division. After the amended divorce judgment, the wife filed appeals challenging, among other things, the division of the marital assets and the authority of the Superior Court judge setting and ordering the payment of the attorney's lien.

In this appeal, her third in the divorce proceedings, the wife challenges two orders of the remand judge: first, an order dated August 8, 2023, allowing Attorney Klein's motion to clarify or amend an order relating to the payment by wife of legal fees and sanctions; and second, an order dated November 21, 2023, denying the wife's motion for postjudgment interest on the amount ordered to be paid to the wife by the husband in the amended divorce judgment.[2] We affirm.

---

[2] The order dated November 21, 2023, also denied the wife's motion for reconsideration of a different order, but the wife makes no separate argument with regard to that portion of the order on appeal.

2

Background.  The parties were married in October 2005, and a judgment of divorce nisi issued in June 2016 (2016 divorce judgment).[3]  Klein represented the wife in the divorce proceedings through the entry of the 2016 divorce judgment. After the 2016 divorce judgment entered, Klein withdrew as the wife's counsel and successfully moved to enforce her attorney's lien.  In December 2016, Klein commenced a Superior Court action to determine the amount of her attorney's lien.  In July 2020, following a trial, a Superior Court judge issued findings of fact and judgments (1) declaring that $36,891.60 was the amount of reasonable attorney's fees owed by the wife for services rendered by Klein in connection with the divorce proceedings; and (2) requiring the wife to pay the previously ordered sanctions, in the amount of $3,990, plus statutory prejudgment interest from December 2019 to July 2020.[4]

In September 2021, the remand judge of the Probate and Family Court issued the amended divorce judgment providing,

_____

[3] The wife appealed and, in 2018, this court vacated the 2016 divorce judgment (except for the portion dissolving the parties' marriage) and remanded the case for a new trial because the wife had not been permitted to testify either telephonically or electronically.  See Bonaparte v. Devoti, 93 Mass. App. Ct. 603, 608 (2018).

[4] The wife appealed from the Superior Court judgments, which were affirmed by a different panel of this court in an unpublished memorandum and order.  See Klein v. Devoti, 101 Mass. App. Ct. 1106 (2022).

3

among other things, that as part of the property division, the wife shall receive $79,400 from the husband for the division of the property, less "all funds due" to Attorney Klein pursuant to the Superior Court action, plus statutory interest, within three months of the resolution of the appeals in the Probate and Family Court case and the Superior Court case. Any such funds were ordered to be paid by the husband directly to Attorney Klein. The amended judgment did not order the husband to pay postjudgment interest to the wife.

Following resolution of the appeal from the amended divorce judgment,[5] the remand judge entered an order on June 7, 2023, regarding the outstanding payment due to Attorney Klein. Klein noticed a discrepancy in that order regarding the attorney's fees and sanctions and brought it to the court's attention by filing a motion to amend or clarify the prior order. On August 8, 2023, the judge allowed this motion and recalculated the payment to Attorney Klein to reflect the correct amount for the judgment, sanctions, and payment.

On October 6, 2023, the wife filed a motion requesting that the remand judge order the husband pay postjudgment interest on

---

[5] On the wife's appeal from the amended divorce judgment, a different panel of this court affirmed the judgment (except for the portion on certain educational expenses for the child). See Bonaparte v. Devoti, 102 Mass. App. Ct. 1112 (2023).

4

the $79,400 award in the amended divorce judgment. This amount represented the division of the marital home. In an order dated November 21, 2023, the judge denied the wife's motion for postjudgment interest, noting that the wife had filed an appeal from the divorce judgment after remand and that any issues regarding the division of assets or award of postjudgment interest should be decided in that appeal.

In this appeal, the wife claims that the August 8, 2023 order of the judge is invalid because a judge of the Probate and Family Court lacks authority to enforce a Superior Court judgment of an attorney's lien. The wife also claims that she is entitled to receive postjudgment interest on the $79,400 from the husband for the division of their property and that the judge erred in her order dated November 21, 2023, denying her motion for postjudgment interest.

Discussion. First, as to the order dated August 8, 2023, the wife claims that the judge of the Probate and Family Court lacked authority to order her to pay the attorney's lien and related sanctions ordered by the Superior Court. The issue of the authority of the Probate and Family Court judge to enforce an attorney's lien and the imposition of sanctions were either already decided in her prior appeals, see Bonaparte v. Devoti, 102 Mass. App. Ct. 1112 (2023), and Klein v. Devoti, 101 Mass.

5

App. Ct. 1106 (2022), or were not raised below in the first instance. In fact, we note in an earlier appeal, the wife unsuccessfully argued that the Superior Court lacked subject matter jurisdiction over the attorney's lien and claimed that only the judge of the Probate and Family Court had such authority. Now, the wife makes the reverse argument -- that the judge of the Probate and Family Court lacks subject matter jurisdiction to enforce the Superior Court order. We will not revisit those previously decided issues, see King v. Driscoll, 424 Mass. 1, 7-8 (1996).

Second, the wife appeals from the order of November 21, 2023, denying her request to award postjudgment interest on the division of assets. In this order, the judge reasoned that the wife had timely filed a notice of appeal from the judgment entered after remand and that any issues relating to the division of assets or award of postjudgment interest should be decided in that appeal. We agree. Again, the issue of the division of marital property was squarely addressed by a different panel of this court in Bonaparte v. Devoti, 102 Mass. App. Ct. 1112 (2023), and to the extent that the issue of

6

postjudgment interest was not raised, we decline to entertain it for the first time in this appeal.[6]

Order dated August 8, 2023, affirmed.

Order dated November 21, 2023, affirmed.

By the Court (Meade, Walsh & Smyth, JJ.[7]),

Clerk

Entered:  April 23, 2025.

---

[6] Attorney Klein, describing the wife's appeal as an abuse of judicial process, has requested an award of appellate attorney's fees.  While the argument has some force, we decline to exercise our discretion to award attorney's fees requested by Attorney Klein.  The wife's request for appellate fees and costs is denied.

[7] The panelists are listed in order of seniority.